WAUKESHA COUNTY, Respondent, vs. THE VILLAGE OF WAUKESHA, Appellant.

*December 16 — January 13, 1891.*

*Liability of village for sheriff's fees, etc.: Maintenance of prisoners committed under village ordinance.*

The county of Waukesha may recover from the village of Waukesha the amount paid to the sheriff for his fees and charges for keeping persons committed to the county jail in pursuance of an ordinance of the village, whether the prosecutions were authorized by the village authorities or not. (Sec. 18, ch. 30, P. & L. Laws of 1859.)

APPEAL from the Circuit Court for *Milwaukee* County.

The facts will sufficiently appear from the opinion and from the reported cases of *Nickell v. Waukesha Co.* 62 Wis. 469, and *Chafin v. Waukesha Co.* id. 463. Upon the trial a verdict was directed in favor of the plaintiff, and from the judgment thereon the defendant appeals.

For the appellant there was a brief by *D. H. Sumner*, and oral argument by *Mrs. T. M. Sumner*. They contended, *inter alia*, that unless the defendant imprisoned or caused to be imprisoned the persons for whose keeping the plaintiff claims the right to recover, it cannot be held liable. It nowhere appears that the defendant was in any way connected with the bringing or prosecution of the actions, or with the imprisonment of the persons prosecuted, or that it or any of its officers had any knowledge thereof while they were in progress, or that they were ratified by the defendant. Actions to recover penalties for the violation of village ordinances are civil actions, as decided in *Chafin v. Waukesha,* 62 Wis. 463. It follows that the village only, by its duly authorized officers or agents, had either the right or authority to bring and prosecute such actions, whether brought in the name of the village or in the name of the state for the village. It is not pretended that the prosecutions in question were so brought. Sec. 3298, S. & B. Ann. Stats.; *State v. Gillen,* 49 Wis. 683; 1 Dill. Mun. Corp. sec. 410; *Ewbanks v. Ashley,* 36 Ill. 177; *Jacksonville v. Block,* id. 508; Freeman, Judgm. sec. 156.

*Warham Parks,* for the respondent, argued, among other things, that the responsibility of the village for the claim of the county is fixed by statute still in force (sec. 18, ch. 30, P. & L. Laws of 1859), and was affirmed in *Nickell v. Waukesha Co.* 62 Wis. 469. All of the trials and commitments in question were had before E. W. Chafin, Esq., as village justice of the village of *Waukesha,* and his jurisdiction did not depend upon any authorization of the prosecu-

tions by the village officers.   See sec. 2, ch. 270, Laws of 1881; sec. 10, ch. 30, Laws of 1859.   The village, having under its own charter and by the act of its own especial officer received and accepted the benefit and use of the jail for the enforcement of good order within its limits, cannot now be heard to say that that officer acted without authority.   *Oshkosh v. State*, 59 Wis. 425; Bigelow, Estoppel, 446; Bishop, Cont. 284, 117, note 3.   The sheriff was the keeper of the jail, and was bound to execute all processes, writs, etc., directed to him.   These commitments were fair on their face, and he was not bound to go behind them.

ORTON, J.   In this action the county seeks to recover of the village of *Waukesha* what the county was adjudged to pay to the sheriff of said county, for his fees and charges for keeping in the county jail prisoners convicted of the violation of a village ordinance against drunkenness, in the case of *Nickell v. Waukesha Co.*, reported in 62 Wis. 469. It was held in that case that the county was primarily liable for such fees and charges, and that it has a right of action over against the village for the amount so paid therefor.   It was also held in that case that the sheriff's charges for serving process, making arrests, and attending before the justice with prisoners, in the same cases, were not a valid claim against the county, but were against the village.   In *Chafin v. Waukesha Co.* 62 Wis. 463, it was held that the fees of the justice in the same cases were not a proper charge against the county, but were against the village of *Waukesha*.

All the essential facts of this case were involved in the first of the above cases, and all the questions of law that can possibly arise in this case were decided in those two cases.   The mere fact that the village was not a party to those suits does not render the decisions less obligatory on this court and on all the courts of this state, even if they could

not have the effect strictly of *res adjudicata* or be pleaded in bar. On the strength and by the authority of the first-mentioned case, the county paid the sheriff's charges, as jailer, for keeping the prisoners in the same cases, and has brought this action to recover the same of the village. The sheriff was compelled by law to receive and keep all such prisoners in the county jail, and he has no discretion to refuse to do so, and no jurisdiction to decide whether the prosecutions were authorized and conducted by the village authorities, or what the consequences would be if they were not. The village authorities must have known that these prosecutions were pending, and they did not intervene to dismiss them, but tacitly allowed them to proceed to judgments of conviction. After that, and after the defendants had suffered imprisonment, and the expenses of keeping them in jail had been incurred, it seems like trifling to raise such a question.

*By the Court.*— The judgment of the circuit court is affirmed.