EDWARDS *v.* TOWN OF POCAHONTAS.

(*Circuit Court, W. D. Virginia.* May 19, 1891.)

1. MUNICIPAL CORPORATIONS—LIABILITY FOR NEGLIGENCE OF OFFICERS.
   A distinction exists as to their liability for the negligence of their officers between municipal corporations proper, such as chartered towns and cities, which voluntarily assume a part of the sovereignty of the state for purposes of local government, and counties, which are arbitrary political divisions of the state established by general laws for general governmental purposes; and the former can be held liable for the negligence of its officers in keeping a filthy and unhealthy prison, whereby injury results to a person confined therein.

2. SAME—CONDITION OF TOWN JAIL.
   Code Va. 1887, § 927, provides that every town having no jail of its own may use the county jail. Sections 928–930, applicable only to counties and cities, provide that the jailer shall keep the jail always clean, that jails shall be inspected under direction of the county court, and that the jailer may be summarily punished for failure in his duty. *Held*, that a town which used a jail of its own was liable for

injuries to the health of a prisoner caused by its filthy condition; since, under section 927 and a special provision of its charter, it might have used a county jail, subject to inspection and control.

At Law. On demurrer to the declaration.

Action by Thomas Edwards against the Town of Pocahontas for injuries caused by his imprisonment in a certain jail of defendant which was permitted to become unclean and unfit for use.

*F. S. Blair* and *G. J. Holbrook*, for plaintiff.

*Daniel Trigg*, *R. R. Henry*, and *J. S. Browning*, for defendant.

PAUL, J. This is an action for damages brought by Thomas Edwards against the town of Pocahontas, a municipal corporation, under the statute laws of Virginia. The plaintiff alleges that he was unlawfully, wrongfully, and inhumanly treated by the said defendant, by being imprisoned in a certain dirty, filthy, and unhealthy lock-up, or calaboose, used by said defendant as and for its corporation prison; and that by being so imprisoned by the said defendant in said lock-up, or calaboose, and by reason of the negligence and misconduct of the said defendant in allowing said prison to be in a dirty, filthy, and unhealthy condition, the floors thereof being, as alleged, befouled with human excrement and urine, and there being in said prison no provision made for persons therein incarcerated to sit down, lie down, or sleep, he, the said plaintiff, was caused great mental suffering, and was made sick in body, and his health greatly injured and impaired; and that the damage to the health of said plaintiff was caused by the carelessness, wrong-doing, misconduct, negligence, and omissions of the said defendant in not keeping its lock-up, or calaboose, in fit and proper condition. The defendant demurs to the declaration on the ground that an action for damages cannot be maintained against a municipal corporation for the negligence of its officers and agents in keeping a filthy and unhealthy prison, because, it is claimed, municipal corporations are political divisions of the state, created for public convenience, and are not liable for damages suffered in consequence of the neglect of its officers and agents to keep its prison in proper condition. Counsel for the defendant contend that the defendant here stands upon the same footing that a county stands upon in its relations to the state. It is argued that, if a municipal corporation of this character can be held liable in damages to individuals for the negligent conduct of its officers and agents, that a county may be held liable in the same manner, and so may the state; and it is urged upon the court that no precedent can be found to maintain an action of this character

The distinction, as it is usually drawn between municipal corporations proper, such as chartered towns and cities, and involuntary *quasi* corporations, such as counties, is comprehensively defined by Judge Dillon in his Commentaries on the Law of Municipal Corporations, (section 23,) and as thus defined is now generally recognized. As stated by the supreme court of Ohio, in *Hamilton Co.* v. *Mighels*, 7 Ohio St. 109, quoted by Judge Dillon: "A municipal corporation proper is created mainly

for the interest, advantage, and convenience of the locality and its people; a county organization is created almost exclusively with a view to the policy of the state at large, for purposes of political organization and civil administration, in matters of finance, of education, of provision for the poor, of military organization, of the means of travel and transport, and especially for the general administration of justice. With scarcely an exception, all the powers and functions of the county organization have a direct and exclusive reference to the general policy of the state, and are, in fact, but a branch of the general administration of that policy." And the distinction between the liability of a municipal corporation, called into existence either at the direct solicitation or by the free consent of the persons composing it, for the promotion of their own local and private advantage and convenience, and that of counties or other political divisions of a state, established by general laws, for the negligent conduct of their officers and agents, is clearly defined. The principle upon which the distinction rests is that counties are arbitrary political divisions of a state, and the governmental powers they exercise are imposed upon them by general laws, while municipal corporations act voluntarily in their assumption of a part of the sovereignty of the state in their exercise of local self-government. "The grant by the state to the municipality of a portion of its sovereign powers, and their acceptance for these beneficial purposes, is regarded as raising an implied promise on the part of the corporation to perform the corporate duties; and this implied contract, made with the sovereign power, inures to the benefit of every individual interested in its performance. In this respect these corporations are looked upon as occupying the same position as private corporations, which, having accepted a valuable franchise, on condition of the performance of certain public duties, are held to contract by the acceptance for the performance of these duties. In the case of public corporations, however, the liability is contingent on the law affording the means of performing the duty, which in some cases, by reason of restrictions upon the power of taxation, they might not possess. But, assuming the corporations to be clothed with sufficient power by the charter to that end, the liability of a city or village vested with control of its streets for any neglect to keep them in repair, or for any improper construction, has been determined in many cases. And a similar liability would exist in other cases, where the same reasons would be applicable." Cooley, Const. Lim. (3d Ed.) pp. 247, 248. It may be true that no precedent can be found for an action of this character as to the particular grounds for a claim for damages, but analogous cases are numerous. Actions for damages against municipal corporations are frequent for neglect to keep streets, sidewalks, sewers, etc., in a proper and safe condition. The court cannot see upon what principle a municipal corporation may be held liable in damages for not keeping its streets, sidewalks, and sewers in proper and safe condition, and yet not be so liable in damages for not keeping its prison in proper and healthy condition; except, perhaps, in cases where the jailer or keeper of the prison of such municipal corporation is made by law an officer or agent of the

state, and required, under penalty prescribed by law, to keep such prison in proper and healthy condition.

Code Va. 1887 (section 1038) provides that, "in addition to the powers conferred by other general statutes, the council of every city and town shall have power to lay off streets, walks, or alleys; alter, improve, and light the same, and have them kept in good order; to lay off public grounds, and provide all buildings proper for the city or town; to provide a prison-house and work-house, and employ managers, physicians, nurses, and servants for the same; prescribe regulations for their government and discipline, and for the persons therein." The powers and authority conferred by this statute are permissive only, and not obligatory. The municipal corporation of a city or town, upon its organization, may choose to accept and exercise the powers and authority granted by this statute, or any of them, or it may choose not to do so, or to accept only some of them. But if it elects to assume these powers and authority it is held, as remarked by Judge Cooley, *ubi supra*, that "their acceptance for these beneficial purposes is regarded as raising an implied promise on the part of the corporation to perform the corporate duties; and this implied contract, made with the sovereign power, inures to the benefit of every individual interested in its performance." The general law of the state of Virginia, applicable to jails of counties and cities, protects the health of persons confined therein by requiring the jailer to "cause all the apartments of his jail to be well whitewashed at least twice in every year, and have the same properly aired and always kept clean. He shall furnish every prisoner with wholesome and sufficient food, and with a bed and bedding cleanly and sufficient, and have his apartments warmed when it is proper, and, in case of the sickness of any prisoner, he shall provide for him adequate nursing and attendance, and if there be occasion for it, and circumstances will admit, shall confine him in an apartment separate from other prisoners." Code Va. 1887, § 928. And section 929 requires the court of each county and city to appoint three persons annually, one of whom shall be a physician, to inspect the jails within such county or city, and make report of its condition, and whether in all respects it is such as required by law; and the succeeding section provides for the punishment of the jailer for failure of duty in keeping his jail in the condition required by section 928. And section 934 provides that the sheriff of each county and the sergeant of each city shall be the jailer thereof, except in certain counties and cities named therein, for which a jailer is otherwise provided by law. But there is no provision of law designating a jailer or keeper of a town or private jail, and therefore the provisions of law above cited for the protection of the health of prisoners do not extend to a jail or prison of such municipal corporation as the defendant in this case, it not being a city, according to the laws of Virginia. It will thus be seen that the general statute laws of Virginia make no provision for the protection of the health and comfort of prisoners confined in such jails as that of the defendant municipal corporation, thus leaving such prisoners without protection for their health and comfort, and without remedy for injury

done to their health and comfort, unless such municipal corporations are liable in damages for their negligence and omissions. By the provisions of section 927, Code Va. 1887, and also by a special provision in its charter, the defendant municipal corporation had the privilege of using the county jail of Tazewell county for the confinement of offenders against the laws and its ordinances and by-laws; but it elected to set up a jail or lock-up or calaboose of its own, independent of the law respecting county and city jails, and not subject to the law requiring them to be kept in proper condition, and to be inspected by officers appointed for the purpose; and it can be held liable in damages for failure to keep said jail, lock-up, or calaboose in proper condition, in the same manner as if, having elected to open streets, construct sidewalks, dig sewers, and keep the same in repair, which it was not required, but permitted, to do by the general statutes of Virginia and by its charter, it had failed to keep the said streets, sidewalks, and sewers in proper and safe condition.

The demurrer is overruled.