Fred Carty's Admr. *v.* Village of Winooski.

May Term, 1905.

Present: Rowell, C. J., Tyler, Munson, Start, Watson, and Haselton, JJ.

Opinion filed October 25, 1905.

*Police Power—Municipal Corporations—Responsibility for Negligence—Maintaining Lockup—Death by Wrongful Act—Survival of Action—V. S. 2451, 2452.*

The police power is a governmental function inherent in every sovereignty, and founded upon the duty of the state to protect the public safety, the public health, and the public morals; and, in the

　absence of constitutional restriction, this power may be delegated
　　by a state to municipal corporations, to be exercised by them within
　　their corporate limits.

The maintaining of a lockup by a municipality, under the provisions of
　　V. S. 5302-5304, is but the exercising of a delegated portion of this
　　police power, and all acts done by the municipality within this
　　delegated power are governmental in character, and, therefore, it is
　　not liable at common law for negligence therein.

Since the intestate, if death had not ensued, would have had no right
　　of action for defendant's negligence, his personal representative
　　can have none, under V. S. 2451-2452, for the benefit of next of kin.

CASE for negligence, brought by an administrator for the benefit of next of kin, under V. S. 2451-2452. Heard on demurrer to the declaration at the September Term, 1904, Chittenden County, *Powers,* J., presiding. Demurrer sustained, and declaration adjudged insufficient. The plaintiff excepted.

*J. J. Enright,* and *R. E. Brown* for the plaintiff.

The statute does not impose upon the defendant the duty of maintaining a lockup, but only grants it the right to do so, if it desires. Having freely chosen to maintain a lockup the defendant is liable for negligence, and the doctrine of *respondeat superior* applies. *Welsh* v. *Rutland,* 56 Vt. 228; *Weller* v. *Burlington,* 60 Vt. 28; *Shields* v. *Durham,* 36 L. R. A. 293; *Long* v. *Elberton,* 46 L. R. A. 428.

*Henry Conlin, H. F. Wolcott,* and *H. N. Deavitt* for the defendant.

The negligence charged is in respect of a governmental act, hence the demurrer should be sustained. *Stockwell* v. *Rutland,* 75 Vt. 76; *Moody* v. *Bristol,* 71 Vt. 472; *Aitkin* v. *Wells River,* 70 Vt. 308; *Saxe* v. *Burlington,* 70 Vt. 449; *Daniels* v. *Hathaway,* 65 Vt. 247; *Bates* v. *Rutland,* 62 Vt.

178; *Welsh* v. *Rutland,* 56 Vt. 228; *Blake* v. *Pontiac,* 49 Ill. 543; *Gulickson* v. *McDonald,* 62 Minn. 278; *Eddy* v. *Ellicottesville,* 35 N. Y. 256; *Kelly* v. *Cook,* 21 R. I. 29; *Brown* v. *Guyandotte,* 34 W. Va. 299; *Doster* v. *Atlanta,* 72 Ga. 233; *LaClef* v. *Concordia,* 41 Kan. 323; *Gray* v. *Mayor, etc., of Griffin,* 111 Ga. 361; *President &c.* v. *Schroeder,* 58 Ill. 353; *Western College* v. *Cleveland,* 12 Ohio St. 375; *New Kiowa* v. *Cram,* 46 Kan. 114; *Pfeffule* v. *Comrs. of Lyon Co.,* 39 Kan. 432; *Gould* v. *Topeka,* 32 Kan. 485; *Washington* v. *Gregson,* 31 Kan. 99; *Bigelow* v. *Randolph,* 13 Gray 541; *Finch* v. *Board,* 30 Ohio St. 37; *Flori* v. *St. Louis,* 69 Mo. 341; *Springfield Ins. Co.* v. *Keesville,* 148 N. Y. 46; *Edgerly* v. *Concord,* 62 N. H. 8; *Tainter* v. *Worcester,* 123 Mass. 311; *Eastman* v. *Meredith,* 36 N. H. 284; *Hughes* v. *Monroe Co.,* 147 N. Y. 49; Smith, Mun. Corp. § 781; *Bartlett* v. *Clarksburg,* 31 S. E. 918; *Chope* v. *Eureka,* 78 Cal. 588; *Trantor* v. *Sacramento,* 61 Cal. 271; *Parks* v. *Greenville,* 44 S. C. 168; *Hafford* v. *New Bedford,* 16 Gray 297; *Wheeler* v. *Cincinnati,* 19 Ohio St. 19; *Maxmillian* v. *Mayor, &c.,* 62 N. Y. 160; *Hart* v. *Bridgport,* 13 Blatch. 289; *Brown* v. *Vinalhaven,* 65 Me. 402; *Mead* v. *New Haven,* 40 Conn. 72; *Ham* v. *Mayor,* 70 N. Y. 459; *Howard* v. *San Francisco,* 51 Cal. 52; *Fisher* v. *Boston,* 104 Mass. 87; *McKenna* v. *St. Louis,* 5 Mo. App. 320; *Woolbridge* v. *Mayor,* 49 How. 67; *Hayes* v. *Oshkosh,* 32 Wis. 314; *Jewett* v. *New Haven,* 38 Conn. 368; *Wild* v. *Patterson,* 47 N. J. L. 406; *Wixon* v. *Newport,* 13 R. I. 454; *Murtaugh* v. *St. Louis,* 44 Mo. 479; *Bethune* v. *Phila.,* 196 Pa. 302, 46 Atl. 448; *Hill* v. *Boston,* 122 Mass. 344; *Urgubad* v. *Ogdensburg,* 91 N. Y. 67; *Ogg* v. *Lansing,* 35 Iowa 495.

The negligent exercise of a police power does not render a municipality liable. *Little* v. *Madison,* 49 Wis. 607; *Shults*

v. *Milwaukee,* 49 Wis. 254; *McElroy* v. *Albany,* 65 Ga. 387; *Elliott* v. *Phila.,* 75 Pa. St. 347; *Smith* v. *Rochester,* 76 N. Y. 506; *Pollock* v. *Louisville,* 13 Bush. 226; *Walcott* v. *Swampscott,* 1 Allen 101; *Brafham* v. *Supervisors,* 54 Miss. 363; *Williams, Municipal Liability,* § 38; *Walton* v. *Kemper,* 55 Ill. 346; *Lafayette* v. *Timberlake,* 88 Ind. 330; *Norristown* v. *Fitzpatrick,* 94 Pa. St. 121; *Winbugler* v. *Los Angeles,* 45 Cal. 36.

WATSON, J. This case is here on exception to the holding on demurrer that the declaration is insufficient. The demurrer is both general and special, but the declaration will be considered with reference to substance, only.

It is alleged therein that the defendant is a municipal corporation organized and existing under a charter granted by the Legislature, and carrying on and administering its municipal affairs through a board of trustees; and that pursuant to a lawful vote of the village, its trustees constructed, furnished, and maintained at the expense of the village the lockup in question for proper and lawful use in the detention, safe keeping and custody of such persons as might by proper authority and legal right be thereto committed. It is further alleged that the plaintiff's intestate was found in such a state of intoxication in the defendant village that he was greatly disturbing the public peace and tranquillity, whereupon he was arrested by a police officer of the village in the lawful and proper performance of his duties, and to restrain the intestate in custody for the purpose provided by law the officer committed him to the lockup as he well and lawfully might.

Other allegations show that in the construction, furnishing, and maintenance of the lockup the defendant and its trustees were guilty of negligence; that a mattress in the

lockup became and was ignited from some cause unknown, and without the fault of the intestate, producing "in said small, close, and unventilated lockup and cell a great volume of heavy smoke," etc., by reason whereof the intestate was "helplessly overcome, smothered, suffocated and killed."

A town or incorporated village in this State may by vote authorize its selectmen if a town, or trustees or bailiffs if a village, to erect and maintain at the expense of the town or village within its corporate limits one or more lockups or jails, and appoint a jailer who shall perform the duties and be subject to the same penalties imposed on county jailers and receive the same fees. V. S. 5302-5304. And "when process is delivered to an officer to serve, requiring him to commit a person to jail to await an examination or trial before a justice, or for neglect or refusal to make disclosure under the law prohibiting the traffic in intoxicating liquor, if such order for commitment was made within the limits of a town or an incorporated village maintaining a lockup or jail, such person shall be committed to such lockup or jail and be subject to the restraints and entitled to the privileges provided by law for persons confined in the county jail." V. S. 5305.

One of the powers of government inherent in every sovereignty is the governing and regulating of its internal police. Thus the police power, so called, rests at common law, and in this State also by reservation in the constitution. Ch. 1, § 5. In the absence of constitutional restrictions, this power may be delegated by a state to municipal corporations to be exercised within their corporate limits; but whether the power be so delegated or otherwise, it is a governmental function founded upon the duty of the state to protect the public safety, the public health, and the public morals. *Thorpe* v. *Rutland, Etc. R. Co.,* 27 Vt. 140, 62 Am. Dec. 625; *Lake*

*Shore, Etc., R. Co.* v. *Smith,* 173 U. S. 684, 43 L. ed. 858; License Cases, 5 How. 504, 12 L. ed. 256.

Since laws for the preservation of the public peace, quiet, and good order are within the police power it must follow that when for the purpose of enforcing such laws a municipality lawfully constructs, furnishes, and maintains a lockup or jail wherein to confine persons under arrest and awaiting an examination or trial, or for neglect or refusal to make disclosure under the law prohibiting the traffic in intoxicating liquor, it is but the exercising of the same power, for the whole includes all its parts. But as acts done within this power are governmental in character the municipality performing them is not liable at common law for negligence therein. The cases of *Welsh* v. *Village of Rutland,* 56 Vt. 228, and *Aitkin* v. *Village of Wells River,* 70 Vt. 308, 40 Atl. 829, were determined upon the same underlying principle and are decisive of the one before us. Cases very like this one have been before the courts in other states, and in the absence of statutes creating a liability they have been decided in the same way. *Gray* v. *Griffin,* 111 Ga. 361; *Gullickson* v. *McDonald,* 62 Minn. 278; *Davis* v. *Knoxville,* 90 Tenn. 599; *Lindley* v. *Polk County,* 84 Iowa, 308; *Brown's Admr.* v. *Guyandotte,* 34 W. Va. 299; *White* v. *Commissioners,* 129 Ind. 396; *LaClef* v. *City of Concordia,* 41 Kansas 323; 13 Am. St. Rep. 285; *Kelly* v. *Cook,* 21 R. I. 29; *Blake* v. *City of Pontiac,* 49 Ill. App. 543.

As the intestate would have had no right of action, if death had not ensued, his personal representative can have none for the benefit of next of kin. V. S. 2451-2452; *Lazelle* v. *Town of Newfane,* 70 Vt. 440, 41 Atl. 511.

*Judgment affirmed, declaration adjudged insufficient, and judgment for the defendant to recover its costs.*