PAT LEWIS, a minor, joined by his father, D. H. LEWIS, as next friend, v. CITY OF MIAMI.

173 So. 150.

Opinion Filed March 4, 1937.

Rehearing Denied March 23, 1937.

*Hendricks & Hendricks,* for Plaintiff in Error;

*J. W. Watson, Jr.; Mitchell D. Price, Charles W. Zaring* and *Jack R. Kirchik,* for Defendant in Error.

DAVIS, J.—The City of Miami maintains and operates a jail for the incarceration of prisoners who have been convicted of offenses against the ordinances of the city. In this case the City of Miami was sued by one Pat Lewis, a minor, who alleged in his declaration that the municipality aforesaid *knowingly* failed to segregate from among pris-

oners whom it confined within its said city jail, one of its prisoners who was known to be then and there infected with a vile and loathsome venereal disease, as a direct and proximate result of which alleged breach of legal duty on the defendant municipality's part, plaintiff, while himself a city prisoner, became exposed to the vile and loathsome venereal disease from which his fellow prisoner was known by the jail authorities to be suffering, and thereupon became grievously infected in his right eye which contracted said vile and loathsome venereal infection under the circumstances aforesaid, all to plaintiff's great personal suffering, injury and damage in the premises.

The case was decided against the plaintiff in the court below on the city's demurrer to plaintiff's declaration. From the resultant final judgment for defendant on said demurrer the cause has been brought to this Court on writ of error. So the question to be decided is: Was the City of Miami immune from civil liability under the pleaded circumstances on the theory that in maintaining and operating a city jail and in keeping confined the prisoners sentenced to serve therein, it was performing a purely governmental function for which no civil liability can be imputed as to the manner in which its jail and the prisoners therein were kept and confined?

At the outset is is conceded by the plaintiff in error that with the exception of our liberalized view of the law as to municipal liability in such cases, recently expressed in this Court's opinion in the case of Ballard v. City of Tampa, 124 Fla. 457, 168 Sou. Rep. 654, no liability for negligence attaches to a municipality under the strict rule of the common law for the municipality's alleged negligence in the performance of the governmental duty implied in the maintenance of a city lock-up or jail for the confinement of per-

sons under arrest, or serving sentences, for the violation of its municipal ordinances. Carty's Admr. v. Village of Winooski, 78 Vt. 104, 62 Atl. Rep. 45, 2 L. R. A. (N. S.) 95 and note. Compare: Hillman v. City of Anniston, 214 Ala. 522, 108 Sou. Rep. 539, 46 L. L. R. 89 and note. See also 13 A. L. R. 751, 23 A. L. R. 297, and A. L. R. 1137.

The common law is in force in this State (Section 87, C. G. L., 71 R. G. S.) and were there nothing in the statutes to expressly or impliedly modify the doctrine of non-liability in such cases as that now before the Court, we would be bound to affirm the judgment appealed from, or deliberately place the jurisprudence of this State with the rule of Edwards v. Town of Pocahontas, 47 Fed. 268, which is decidedly contrary to the weight of authority in the United States in general on the subject. This we are not inclined to do at this time, inasmuch as there are other considerations upon which this appeal can be decided without aligning the jurisprudence of this State altogether against the weight of authority which upholds a rule of non-liability criticized by Mr. McQuillan in his second edition on Municipal Corporations (Section 2813). There he condemns the gross injustice of the strict common law rule that has been so generally approved by the American negligence decisions as to prisoners in jails and work-houses when they undertake to maintain tort actions against the authorities for acts of negligence causing injuries to their health or persons.

Under Sections 3947-3955 C. G. L., 7829, Acts 1919, the public policy of this State has been legislatively declared in favor of the protection of the interest of the inhabitants of this State, as individuals, from exposure to persons known to be afflicted with vile and loathsome communicable infections, contagious and communicable venereal diseases, such as syphilis, gonorrhea and chancroid. Under that

statute all persons confined or imprisoned in any municipal prison of this State are subject to being examined and treated for venereal diseases by the health authorities or their deputies. Section 3952 C. G. L. And to that end persons found infected with venereal diseases may be compulsorily detained and treated in order to prevent the dissemination of the infection. Section 3951 C. G. L.

An acknowledged rule of the law of actionable negligence is that the violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for the invasion of the interest of another where the intent of the statute is to protect the interest of the injured person as an individual, the interest invaded is one the statute was intended to protect, the interest invaded was intended to be protected from the particular hazard and the violation is a legal cause of the invasion and the other has not so conducted himself as to disable himself from maintaining an action for the violation of the statute. See: American Law Institute Re-Statement of the Laws of Torts (Negligence) Section 286, page 752, *et seq.*

Section 3947 C. G. L. makes it unlawful for any person infected with venereal disease, contagious, infectious, communicable and dangerous to the public health, to expose another to infection and its effect is to make the person violating such statutory prohibition subject to both civil and criminal liability under the rule of common law liability for negligent injuries done through the violation of an express statute, above stated. By necessary implication it is likewise unlawful for the legal custodians or keepers of the persons of individuals known by them to be infected with vile and loathsome communicable venereal disease to knowingly neglect to protect others likewise within their keeping

or custody from exposure to such contagious, infectious communicable and dangerous venereal disease.

In the case of municipal prisoners the prisoners are deemed to be within the custody of the municipality as a public corporation, notwithstanding the fact that designated municipal officials, as individuals have been charged with specific duties and responsibilities respecting the keeping and sustenance of such prisoners, as well as the execution of the laws and ordinances respecting them. It is on this theory that cities have been generally held liable for the board of municipal prisoners held in county jails as places of detention. Waukesha County v. Village of Waukesha, 78 Wis. 434, 47 N. W. Rep. 831; State v. Hollis, 59 N. H. 390. And in this State of negligent injuries inflicted by municipal convicts on third parties, see: Wolfe v. City of Miami, 103 Fla. 774, 137 Sou. Rep. 892, 134 Sou. Rep. 539.

There was a time when all municipal functions were governmental and therefore municipal corporations were wholly free from responsibility for torts or civil wrongs, by the common law. Jones on Negligence of Municipal Corporations Sec. 18. This rule of municipal non-liability for torts is still recognized as to all functions whereby the municipality acts simply as an agency of the State for governmental purposes, unless of course a contrary rule be provided by statute. But as to those corporate powers and responsibilities now residing in municipalities that are outside the narrow range of functions heretofore classed by the common law as purely governmental, municipal liability in an action in tort may exist, especially where the wrong and injury is the result of neglecting a positive duty or inhibition enjoined upon the municipality by law.

In municipal corporations of the present day, jails and

work-houses are maintained for the detention of persons not only for the simple offenses that were within the range of municipal action at common law, but for a multitude of other violations that are purely *mala prohibita municipala* and designed to promote the corporate well being of the city and inhabitants more than to advance the performance of its governmental functions. So even in the keeping of jails and workhouses a municipality may be said to be maintaining an institution for its corporate as well as its governmental purposes, under a modern conception of municipal corporations as partly business and partly governmental institutions. See discussions in: Kaufman v. Tallahassee, 84 Fla. 634, 94 Sou. Rep. 697, 30 A. L. R. 471; Maxwell v. Miami, 87 Fla. 107, 100 Sou. Rep. 147, 33 A. L. R. 682.

But be that as it may, the liability in this case must rest or fall on the City of Miami's neglect to carry out the mandatory duty enjoined upon it with respect to its inhabitants and its prisoners not to knowingly expose persons in its official custody as jail or work-house keeper to infection by others known by its authorities in charge to be venereally infected. The same holds true as to exposure to infection from other contagious, infectious or communicable diseases such as smallpox, leprosy, yellow fever, and the like, all of which our health laws require to be kept out of public range by those having power to prevent exposure and placed under a duty to exert the power.

In North Carolina, all of the cases hold that where a statute enjoins upon municipal officials the duty of furnishing city prisoners adequate housing and food, while they are being detained in custody of the municipality for municipal purposes, a negligent breach of the statutory duty is actionable against the culpable municipality which knowingly fails to carry out the intent of the statute. Lewis v.

City of Raleigh, 77 N. C. 229; Shields v. Durham, 118 N. C. 450, 24 N. E. 794, 36 L. R. A. 293.

Upon like reasoning we are constrained to hold upon the present appeal that the declaration to which demurrer was sustained in this case states a good cause of action for the negligent breach of the statutory duty necessarily resting upon municipal corporations by command of the state law—comprehended in Chapter 7829, Acts of 1919, Sections 3947-3955, C. G. L., making it unlawful to subject healthy persons to exposure to infection by contagious, infectious, communicable and dangerous venereal diseases. To hold that municipalities may ignore the provisions of such statute by contributing to the continued spread of the infection through knowing neglect of its prisoners, would be to render frustrate the general intent of the statute in question, which intent, as discerned from its provisions, is, after all is said and done the law.

Reversed with directions to overrule the demurrer and have such further proceedings as may be according to law.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, C. J. (concurring).—I agree to the conclusion reached. The result attained may be justified solely on authority of Kaufman v. City of Tallahassee, 84 Fla. 634, S. R.