154 So.2d 709 (1963)
Harry R. RICHARDSON, Appellant,
v.
H. Nell FOUNTAIN and Virginia Fountain, d/b/a Fountain's Department Store, Appellees.
No. 3318.
District Court of Appeal of Florida. Second District.
June 5, 1963.
Rehearing Denied July 8, 1963.
*710 Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
Earnest, Pruitt & Schulle, West Palm Beach, for appellees.
STURGIS, WALLACE E., Associate Judge.
This is an appeal from a judgment for defendants entered pursuant to verdict of the jury in a negligence action.
The plaintiff, an adult 6 feet 4 inches tall, was injured when in walking on the sidewalk in front of defendants' store and along a public street in Lake Worth, Florida, he ducked his head under the flap of defendants' awning, which extended across the sidewalk, and upon straightening up struck his head on a metal bar on the inside and forming part of the awning. At that time there was in effect a penal ordinance of the city providing in part:
"a. Height Above Public Sidewalk: No metal part of any canopy or awning shall be less than seven feet six inches (7'6") from the top of such sidewalk or other public way, and no part of the cloth or fringe thereof shall be less than six feet six inches (6'6") from the top of such sidewalk or other public way."
* * * * * *
"3. All awnings must be equipped with not less than two (2) supporting or fire chains, one end of which fastens to the front bar or to the side arm not over six inches (6") back from the front bar, and the other end of which fastens to a point just under the head of the awning but never to the head rod or head rod fastenings."
The complaint charged negligence based on an alleged violation of the ordinance and defendants pleaded, inter alia, contributory negligence of the plaintiff.
The evidence is uncontradicted that prior to the accident the horizontal metal bar against which plaintiff struck his head was so installed that it was normally suspended only 7 feet 3 inches from the top of the sidewalk, which violated the statute and will later be discussed in relation to the question of liability. It is also uncontradicted that the anchor end of the horizontal arm was fitted with a collar attached to the arm by means of a swivel, which collar in turn fitted over a bracket attached to the store front in a vertical position, the lower extremity of the bracket being approximately 6 feet 1 inch above the sidewalk surface. This arrangement permitted the ends of the horizontal arms of the awning frame to float or slide vertically along the bracket, thus facilitating the raising of the awning from its extended position over the sidewalk. As stated, the horizontal arm extending over the sidewalk was normally maintained *711 at a height of 7 feet 3 inches above the level of the sidewalk. This was done by means of a rope and pulley arrangement attached to the arm; and when properly secured, the rope prevented the collar end of the arm from sliding below the 7 feet 3 inch level to the lower extremity of the bracket.
Since the normal operating height of the horizontal arm above the sidewalk was 7 feet 3 inches, it is evident, considering plaintiff's height of 6 feet 4 inches, that it would have been physically impossible for him to strike his head thereon were it not for the fact that at the time of the accident the collar end of the bar had for some reason, not directly explained by the evidence, dropped to such a level on the bracket by which it was attached to the building as to permit plaintiff's head to strike it. Expert testimony was adduced on behalf of defendants with respect to the operation of the awning mechanism, from which a reasonable inference may be drawn that the abnormal position of the metal arm was occasioned by a malfunction of the operating mechanism of the awning. It is admitted that for a long period of time prior to this accident plaintiff had regularly and without any difficulty walked under the awning.
The issue on this appeal presents a pure question of law. The sufficiency of the evidence to support the verdict, assuming contributory negligence is available as a defense, is not challenged.
Requested instructions by plaintiff to the effect that contributory negligence was not available as a defense were denied and the jury was charged with the law governing contributory negligence. The sole question for determination here is whether or not contributory negligence is available as a defense to this action in which defendants' alleged negligence is their violation of the subject penal ordinance.
While there is a division of authority on the question of whether or not violation of a penal ordinance is negligence per se, this jurisdiction follows the weight of authority in holding that except as to penal ordinances and statutes other than those involving traffic, such is negligence per se. Hoskins v. Jackson Grain Company, 63 So.2d 514 (Fla. 1953); Lewis v. City of Miami, 127 Fla. 426, 173 So. 150 (1937). See 38 Am.Jur., Negligence, Sec. 158 et seq. The exception has no applicability here.
A secondary question arises, however, as to whether or not contributory negligence is a proper defense to the violation of a penal ordinance of the character in suit in those jurisdictions such as ours which hold such violations to be negligence per se, and on this the authorities are quite evenly divided. See 38 Am.Jur., Negligence, Sec. 180. The rule prevails in this jurisdiction that contributory negligence is a proper defense in those cases where the defendant's negligence consists in the violation of a statute that is not designed to protect a class of persons from their inability to exercise self-protective care. The converse rule appears in Tampa Shipbuilding & Engineering v. Adams, 132 Fla. 419, 181 So. 403, 893 (1938), where the defense of contributory negligence was denied to a defendant in a suit by a minor for injuries sustained while employed by defendant in violation of a state statute prohibiting his employment. And in Tamiami Gun Shop v. Klein, 109 So.2d 189 (Fla. 1959), it was held that the defense was not available to the defendant in a suit by a minor for injuries sustained by the minor from the use of a firearm sold by the defendant to the plaintiff minor in violation of a state statute and an ordinance of the city of Miami. In the latter case the statute and ordinance was interpreted "as intending to protect the class of persons in which the plaintiff is included [infants] against the risk of the type of harm which did in fact occur." The ordinance in the instant case does not lend itself to that construction. Its benefits extend to the public at large rather than to any particular class.
In the case of Williams v. Youngblood, Fla.App., 152 So.2d 530, an extensive *712 quotation appears from the decision of the Florida Supreme Court (116 So.2d 421) discharging a writ of certiorari issued by the Supreme Court to review the decision in the Tamiami Gun Shop case (109 So.2d 189). The following excerpt from the Restatement of Torts is there cited with approval:
"If the defendant's negligence consists in the violation of a statute intended to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his contributory negligence from recovery for bodily harm caused by the violation of such statute." (Emphasis added)
The converse of that proposition is of course true, and where, as we have held in this case, the ordinance is designed to protect the public generally, negligence of the defendant is a necessary element to the right of recovery and the injury complained of must be the proximate result of such negligence.
The defendants rely heavily upon the case of Deane v. Johnston, 104 So.2d 3, 65 A.L.R.2d 957 (Fla. 1958), in which it was held that ordinarily contributory negligence does not bar recovery for harm caused by defendant's reckless disregard for plaintiff's safety, unless plaintiff is similarly reckless, and that the question of contributory negligence in that case was properly submitted to the jury for its determination. Plaintiff correctly asserts that the decision in Deane is mainly known for its holding regarding the "distraction rule," and that, with one exception, the authorities relied on by the court in its opinion in that case involve obstructions or defects below eye level. Conceding that persons have a duty to see obstructions before them in the roadway or sidewalk, plaintiff contends that the ordinance in suit is necessary for the protection of pedestrians because they have been impressed with a duty to maintain a lookout below eye level. We do not construe the authorities governing the duty of pedestrians to observe obstructions before them in the roadway or sidewalk as removing or lessening the duty to observe obstructions at or slightly above eye level. We think the latter duty is equally compelling. The degree of care to be exercised depends, of course, upon the facts and circumstances peculiar to any given case. In the instant case we are persuaded that the ordinance in question is not designed to protect a particular class of persons within the meaning of the case law of this jurisdiction and that it was proper to submit this case to the jury with the defense of contributory negligence included. It is our judgment, therefore, that the judgment appealed be and it is hereby affirmed.
Affirmed.
KANNER, Acting C.J., and ALLEN, J., concur.