DOWNEY, JAMES C., Senior Judge.
This is an appeal from a final judgment entered upon a motion to dismiss filed by appellee, Department of Health and Rehabilitative Services.
Appellant, Martha Griffith, sued appellees, Ricky Lee Ross (Ross), P.J. Andrew, Inc., d/b/a Southside Manor Retirement Club, Henderson Mental Health Clinic, Department of Health and Rehabilitative Services, and South Florida Mental Hospital, in nine counts for injuries which she suffered at the hands of Ross, a resident of Southside Man- or, an “adult congregate living facility,” as provided in section 400.401-454, Florida Statutes (1991). The second amended complaint alleged, among other things, that Ross, while a resident at Southside Manor, left the man- or premises and while away kidnapped, brutally battered and raped Griffith, causing extensive injuries. HRS was charged with direct negligence and vicarious liability for the failure to protect Griffith, as a member of the public, from the known dangers associated with the care, maintenance and control of Ross. HRS moved to dismiss the second amended complaint on two theories, lack of *814 any duty owed by HRS to Griffith, and the defense of sovereign immunity. The motion was granted expressly on the grounds of sovereign immunity and Griffith appealed. On appeal, both parties have briefed and argue the applicability of both defenses.
Griffith’s contention is that while under the pertinent statutory plan for adult congregate living facilities, sections 400.401-454, Florida Statutes (1991), HRS’s relationship with the facilities is much more expansive than merely licensing them, in that it regulates, controls and exercises authority and responsibility with regard to the facilities. The allegations of the complaint charge HRS with negligent acts and omissions in the implementation of policy decisions and that these are operational actions not protected by sovereign immunity.
HRS contends that the action or conduct allegedly constituting negligence involves discretionary governmental planning level functions as to which the agency is immune. Furthermore, it is argued that HRS owes Griffith no duty, either at common law, or by statute because the statutes involved do not burden HRS with a duty to supervise or control the activities of individuals in the facilities.
The record reflects that Southside Manor is a privately owned adult congregate living facility as to which HRS had the responsibility of supervising various aspects of the operation. Griffith alleges in her complaint that HRS knew or should have known that Ross had a history of prior violent, criminal tendencies, including aggravated assaults, and that he had a history of being treated as a mental health patient because of his violent propensities. In view of that knowledge, it is alleged HRS negligently violated its obligations of supervision by allowing Ross to remain at Southside Manor and by failing to advise or inform any of the other defendants herein that Ross was not a fit resident for this facility and that he was a present and imminent danger to himself and the public.
A close reading of Chapter 400.401-454 makes it clear that various obligations are imposed upon HRS vis-a-vis the residents of a facility such as Southside Manor. If a resident is injured as a result of a failure of HRS to meet its statutory obligations, liability may accrue. However, nowhere in the legislative plan crafted for these adult congregate living facilities, does it appear that the public generally, and Griffith in particular, was an intended beneficiary of the act. Paraphrased, the section announcing its purpose states that the act is to promote the availability of appropriate services for elderly and disabled persons in the least restrictive and most homelike environment, to encourage the development of facilities which promote the dignity, individuality, privacy and decision-making ability of such persons, to provide for the health, safety and welfare of residents of these facilities, to encourage development of innovative, affordable facilities for persons with low to moderate incomes, to ensure that agencies of the state cooperate in the protection of such residents, and to ensure that needed economic, social, mental health, health and leisure services are made available to residents of such facilities through the efforts of agencies including the Department of Health and Rehabilitative Services. The services available in these facilities are intended to help residents remain as independent as possible in order to obviate the necessity of nursing home or institutional placement. Regulations shall be sufficiently flexible to allow facilities to adopt policies which enable residents to age in place when resources are available to meet their needs and accommodate their preferences.
Further supporting the contention that no duty was imposed as to third persons, not residents of the facility, is the inclusion in the act of a Bill of Rights (section 400.428) which provides a variety of rights for residents. Furthermore, the Act provides for civil actions on behalf of residents who have a cause of action against the facility owner, administrator or staff responsible for violating the residents’ rights specified in the Act.
There are cases which have imposed on facilities a duty to exercise reasonable care to protect third parties from harm caused by residents. Nova University v. Wagner, 491 So.2d 1116 (Fla.1986); Garrison Retirement Home v. Hancock, 484 So.2d 1257 (Fla. 4th DCA1985). A primary reason for imposing *815 liability is said to be the facility’s assumption of, and ability to exercise, control over the actions of the residents. No such control was exercised by HRS once Ross had been placed in Southside Manor.
Before a claimant can maintain a cause of action in tort for violation of duties imposed by legislative act, she must demonstrate that she is a person intended to be protected by the act. Lewis v. City of Miami, 127 Fla. 426, 173 So. 150 (1937).[1] In other words, every violation of a statutory duty does not give rise to a private cause of action unless it appears the statute was meant to protect the claimant and her right or interest allegedly invaded. See Fischer v. Metcalf, 543 So.2d 785 (Fla. 3d DCA1989) (violation of the reporting requirements of the Florida Abuse of Children or Disabled Persons Law does not support a private cause of action for failure of psychiatrist to report child abuse); Brown v. South Broward Hosp. Dist., 402 So.2d 68 (Fla. 4th DCA1981) (building code compliance required of owner does not impose a duty on owner to supervise construction undertaken by an independent contractor and subcontractor because they are outside the class of persons covered by the code section).
In view of the foregoing, we hold that Griffith is not a member of the class of persons intended to be protected by section 400.401-454, Florida Statutes (1991). Furthermore, since we find no duty owed to Griffith we need not resolve the question of whether HRS is immune from liability under the doctrine of sovereign immunity.
Accordingly, we affirm the judgment dismissing the amended complaint as to the Department of Health and Rehabilitative Services.
AFFIRMED.
HERSEY and STONE, JJ., concur.

. Paraphrased, the court stated in Lewis, supra:
An acknowledged rule of the law of actionable negligence is that the violation of a legislative enactment by doing a prohibited act, or by failing to do a required act, makes the actor liable for the invasion of the interest of another where the intent of the statute is to protect the interest of the injured person as an individual, and the interest invaded was intended to be protected from the particular hazard.