COMMONWEALTH *vs.* DANIEL CASSIDY.

Suffolk.    March 13, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Automobile.    Evidence,* Presumptions and burden of proof.    *Words,* "Intersecting way."

St. 1909, c. 534, § 16, provides that every person operating a motor vehicle shall run it at a rate of speed no greater than is reasonable and proper, and that "it shall be *prima facie* evidence of a rate of speed greater than is reasonable and proper" if such a vehicle is operated in excess of certain rates of speed in certain designated districts. At the trial of a complaint charging a violation of that statute, it was *held,* that the burden of showing that the defendant was operating a motor vehicle at a speed greater than was reasonable and proper, having regard to traffic and the use of the way and the safety of the public, was upon the Commonwealth; and that, even if the speed at which the defendant was operating was such as to make out a *prima facie* case for the Commonwealth under the provisions of the statute, still the burden of proof did not change, and hence in some cases a defendant may be convicted even if he has not exceeded the rate named in the clauses of the statute referred to, and in some cases he may be acquitted even though he may have exceeded it.

At the trial of a complaint charging a violation of St. 1909, c. 534, § 16, which provides that every person operating a motor vehicle shall run it at a rate of speed

no greater than is reasonable and proper, and that "it shall be *prima facie* evidence of a rate of speed greater than is reasonable and proper" if such a vehicle is operated in excess of certain rates of speed in certain designated districts, it is erroneous for the presiding judge to refuse to give the following ruling: "There is no absolute or fixed speed limit at which automobiles may be operated in this Commonwealth; and if the jury find that the rate of speed was reasonable and proper, having regard to the traffic, use of the way and safety of the public, they should find for the defendant, no matter at what particular rate of speed they find he operated."

At the trial of a complaint charging a violation, by one operating an automobile in a city, of St. 1909, c. 534, § 16, which provides that every person operating a motor vehicle shall run it at a rate of speed no greater than is reasonable and proper, and that "it shall be *prima facie* evidence of a rate of speed greater than is reasonable and proper" if such a vehicle is operated on any way inside the thickly settled part of a city at a rate of speed exceeding fifteen miles an hour for a distance of one-eighth of a mile, it is erroneous for the presiding judge to refuse to give the following ruling: "If the jury find that the defendant operated an automobile at a rate of speed in excess of fifteen miles an hour for one-eighth mile within the thickly settled part of the city, the jury should find for the defendant if they find that the rate of speed was not greater than was reasonable and proper having regard to the traffic, the use of the way and the safety of the public."

At the trial of a complaint charging a violation of St. 1909, c. 534, § 16, which provides that every person operating a motor vehicle shall run it at a rate of speed no greater than is reasonable and proper, and that "it shall be *prima facie* evidence of a rate of speed greater than is reasonable and proper" if such a vehicle is operated in excess of certain rates of speed in certain designated districts, it is erroneous for the presiding judge to charge the jury in substance that, if they find that the defendant was operating a motor vehicle in a district and at a rate of speed designated in the statute as making out a *prima facie* case for the Commonwealth, and "there were no circumstances for the safety of the public or traffic in the road, or special conditions requiring a greater rate of speed," they "should return a verdict of guilty."

St. 1909, c. 534, § 16, which section went into effect on July 1, 1909, provides that every person operating a motor vehicle shall run it at a rate of speed no greater than is reasonable and proper, and, among other provisions, that it shall be *prima facie* evidence of a rate of speed greater than is reasonable and proper if a motor vehicle is operated "on any way upon approaching an intersecting way, or in traversing a crossing or intersection of crossings" at a rate exceeding eight miles an hour. Section 1 of the statute defines "intersecting way" to mean "any way which joins another at an angle, whether or not it crosses the other." By § 33, all of the statute excepting certain designated sections, among which § 1 was not, and § 16 was, included, went into effect on December 31, 1909. Section 16 went into effect on July 1, 1909. At the trial of a complaint alleging a violation on December 2, 1909, of § 16, it appeared that the defendant was operating an automobile in excess of eight miles an hour at a point where two streets joined at an angle the street upon which he was, and one only of the two continued across that street, doing so under another name. The defendant asked for a ruling that there was no evidence "of more than one intersecting way or intersection of ways at the time the alleged offense was committed." The ruling was refused. *Held*, that the ruling was refused rightly, because, in spite of § 33, the definition of "intersecting way" in § 1 must be held to be applicable to that term as used in § 16.

COMPLAINT, received and sworn to in the Municipal Court of the Roxbury District of the City of Boston on December 6, 1909, charging that the defendant on December 2, 1909, did "operate a certain automobile at a rate of speed that was greater than was reasonable and proper, having regard to traffic, the use of the way and the safety of the public," on Beacon Street in Boston.

Material portions of St. 1909, c. 534, § 1, are as follows: "Terms used in this chapter shall be construed as follows, unless a different meaning is clearly apparent from the language or context, or unless such construction is inconsistent with the manifest intention of the Legislature: . . .

"'Intersecting way,' shall mean any way which joins another at an angle, whether or not it crosses the other. . . ."

On appeal to the Superior Court, the case was tried before *Wait*, J.

The evidence of the Commonwealth tended to show that on the day in question the defendant operated an automobile, capable of holding seven passengers, at a rate between twenty-three and twenty-five miles an hour on the easterly side of Beacon Street, over a measured course for the distance of one eighth of a mile or more, within which course and on which easterly side two streets, Miner and Aberdeen Streets, entered and joined Beacon Street at an angle, and Arundel Street entered and joined Beacon Street at an angle at a point opposite Miner Street, so that Miner and Arundel Streets formed a continuation of each other; that Beacon Street on both sides of the course for a distance of over one quarter of a mile in each direction was entirely built up and occupied by brick houses, presenting a solid front, with the exception of two small separated vacant lots of about fifty feet front each; that at the time the defendant's automobile entered the measured course there were within the course two teams, two electric cars, one automobile and one woman crossing the street, all of which were passed by the defendant's automobile.

At the close of all the evidence the defendant asked for the following rulings :

"1. There is no absolute or fixed speed limit at which automobiles may be operated in this Commonwealth; and if the jury

find that the rate of speed was reasonable and proper, having regard to the traffic, use of the way and safety of the public, they should find for the defendant, no matter at what particular rate of speed they find he operated.

" 2. There is no evidence in this case of more than one intersecting way or intersection of ways at the time the alleged offense was committed.

" 3. If the jury find that the defendant operated an automobile at a rate of speed in excess of fifteen miles an hour for one eighth mile within the thickly settled part of the city, the jury should find for the defendant if they find that the rate of speed was not greater than was reasonable and proper having regard to the traffic, the use of the way and the safety of the public."

The presiding judge refused to rule as requested and gave to the jury the instructions, among others, which are described in the opinion. The jury found the defendant guilty. The defendant alleged exceptions.

Other facts are stated in the opinion.

*G. L. Ellsworth,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth, submitted a brief.

HAMMOND, J. The offense described in St. 1909, c. 534, § 16, and charged in the complaint against the defendant, was that of operating an automobile " at a rate of speed greater than was reasonable and proper, having regard to traffic and the use of the way and the safety of the public"; and this was the only offense. Of course the burden was upon the Commonwealth to prove his guilt.

The section in question, after creating the offense, goes on to provide that in certain localities therein described " a speed exceeding twenty miles per hour for the distance of a quarter of a mile" shall be " *prima facie* evidence of a rate of speed greater than is reasonable and proper," and contains a similar provision as to a rate of speed " exceeding fifteen miles per hour for the distance of one eighth of a mile" in certain other localities. Shortly stated the statute forbids the running of an automobile at a rate of speed greater than is reasonable and proper, and declares what rates of speed shall be *prima facie* evidence of the rate forbidden. It may be remarked in passing that the earlier

statutes expressly prohibited the running of an automobile at a rate of speed exceeding a certain number of miles per hour therein specified; St. 1902, c. 315, § 1; St. 1903, c. 473, § 8; but a different standard of speed was adopted in St. 1906, c. 412, reenacted in the present statute.

The real question in all these cases now is whether the speed is greater than was reasonable and proper, having regard to traffic and the use of the way and the safety of the public, the burden being on the Commonwealth to show that it was. If the speed was such as to make out a *prima facie* case for the prosecution, still the burden does not change. The jury are to give due weight to the *prima facie* case taken in connection with the other circumstances disclosed by the testimony, whether coming from witnesses called by the government or by the defendant, and if they are satisfied that the speed is greater than was reasonable and proper, having regard to traffic and the use of the way and the safety of the public, they should convict the defendant; otherwise they should acquit him. And hence in some cases a defendant may be convicted even if he has not exceeded the rate named in the *prima facie* clauses of the statute, and in some he may be acquitted even though he may have exceeded it.

The first and third instructions requested by the defendant contained a correct statement of the law so far as respected the offense with which he was charged, and the defendant was entitled to have them given in substance. The trial judge refused to give them, but upon this point, after stating that there was no controversy but that the place where the accident occurred was in the thickly settled portion of the city of Boston, instructed the jury as follows: "If speed greater than fifteen miles an hour is maintained in such a part of the city, then the person is guilty of an offense, — unless what? That is to say, if the government has made that out, it has made out its case, — unless what? Unless the condition at the time required a greater speed. Now is there any evidence here showing that a greater speed would be required? You can see that a rate of speed might be maintained under certain circumstances which would be essential for the safety of the people in the automobile, or for the safety of other people in the street. Conditions might arise under which a very

high rate of speed would necessarily be maintained for a short time, or short distance, to avoid danger. Unless something of that kind appears, a rate higher than fifteen miles an hour under this statute is an offense. If you are satisfied from the evidence that the speed exceeded fifteen miles an hour, you must find a verdict for the government, unless you are satisfied there were special reasons existing at the time which required a greater speed." And again, near the end of the charge, the following language is used: " The question is essentially this simple thing: Are you satisfied by this evidence beyond a reasonable doubt that the defendant was driving his car at a rate of speed exceeding fifteen miles per hour in a thickly settled part of the city of Boston where there were intersecting ways and for a distance of an eighth of a mile? If he was, and there were no circumstances for the safety of the public or traffic in the road, or special conditions requiring a greater rate of speed, you should return a verdict of guilty. If you are not satisfied of that beyond a reasonable doubt, or are satisfied that there were special circumstances requiring a higher rate of speed, then he is entitled to a verdict of not guilty."

It is manifest that these instructions are not in accordance with the rulings requested by the defendant, which, as we have said, correctly stated the law. Upon this point the defendant's exceptions must be sustained.

The second instruction was rightly refused. The first section of St. 1909, c. 534, contains this provision : " ' Intersecting way ' shall mean any way which joins another at an angle, whether or not it crosses the other." This provision is found in the section which defines the meanings of various terms thereafter used in the subsequent parts of the statute and, notwithstanding the provisions of the thirty-third section of the statute,* must be held to be applicable to the sixteenth section whenever the latter went into effect.

*Exceptions sustained.*

---

* By § 33, all of the statute excepting a number of sections, which went into effect on July 1, 1909, among which § 1 was not, and § 16 was, included, did not take effect until December 31, 1909.