PANGBORN *v.* JOHN WIDDICOMB CO.

1. HIGHWAYS AND STREETS—MOTOR-VEHICLE LAW—INTERSECTION.
   The term "intersection," as used in the motor-vehicle law (Act No. 9, Pub. Acts 1919, Comp. Laws Supp. 1922, § 4814), *held*, to apply where a highway enters but does not cross another highway running at right angles thereto.

2. NEGLIGENCE—ACCIDENT AT HIGHWAY INTERSECTION—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   In an action for damages to plaintiff's automobile received in a collision with defendant's truck at a three corners highway intersection, where defendant failed to keep to the right of the center of the highway as required by the statute (Act No. 9, Pub. Acts 1919, Comp. Laws Supp. 1922, § 4814), the question of plaintiff's contributory negligence was for the jury.

Error to Kent; Brown (William B.), J. Submitted April 4, 1923. (Docket No. 18.) Decided June 4, 1923.

Case by Frank C. Pangborn against the John Widdicomb Company for damage to plaintiff's automobile. Judgment for defendant. Plaintiff brings error. Reversed.

*Smedley, Linsey & Shivel,* for appellant.

*George E. Nichols* (*Howard A. Ellis,* of counsel), for appellee.

FELLOWS, J. Plaintiff's automobile was injured by a collision with defendant's truck on a highway officially known as M-13 and called the Mackinaw Trail. The collision occurred in the country at what is commonly called a three corners. Plaintiff was driving

south toward the corner; defendant's truck was coming east toward the corner.    The corner is a right-angled one and the east and west road east of the corner is an ordinary dirt road.    The north and south road does not go beyond the corner.    Plaintiff counted in part on defendant's failure to keep to the right of the intersection of the center of the highway upon the theory that these were intersecting highways within the meaning of the provisions of Act No. 9, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 4814).    The testimony showed without dispute that defendant's truck was on the left side of the road, kept to the inside of the curve until plaintiff was discovered when an unsuccessful attempt was made to avoid the collision.    The provision of the statute here involved is as follows:

"And any person so operating any motor vehicle shall, at the intersection of a public highway, keep to the right of the intersection of the center of such highway when turning to the right, and pass to the right of such intersection when turning to the left."

By appropriate requests plaintiff's counsel requested the court to charge the jury that the place of the accident was an "intersection" of public highways within the meaning of the act and that defendant owed the duty of keeping to the right of the intersection of the center of such highway.    These requests were refused and the trial judge instructed the jury:

"Under the particular circumstances of this case at this curve, I will take the responsibility of saying to the jury that this is not the intersection of highways. This road has in it a 90-degree curve or a right-angled turn, but it is a continuous road so far as its improvement is concerned and so far as its use by the parties to this suit is concerned.    If this were a four corners and one of these parties had been going straight east and the other straight south and one of

them had run into the other broadside, that would be an intersection of center lines of highways in question; but that is not this case.   *   *   *

"So at this particular point, so far as the law is concerned, the only law of the road that is applicable here under all the circumstances of the case is the necessity of each person to keep to the right of the center of the wrought portion or traveled portion of the highway as the parties are meeting each other in the highway."

We think this instruction was erroneous.    It is true that the Mackinaw Trail is a continuous improvement but we think this three corners was an "intersection" within the meaning and intent of the act in question.    While the word intersect is susceptible of the construction given it, we think it is also susceptible of the construction contended for by counsel for plaintiff; and when we take into consideration the fact that the act in question was enacted with a view of safeguarding the lives of those who travel on the public highways we are bound to give it a liberal construction.    The Standard Dictionary defines "intersect:"

"To pass across; cut through or *into* so as to divide; cross; as, a line intersecting another at right angles."

Such provisions as are found in the act of 1919 and here under consideration are of recent origin, necessitated by the advent of the automobile.    They are of so recent origin as to limit the number of cases which have considered them.    But, so far as we have been able to ascertain, the provision here under consideration has uniformly received the construction contended for by plaintiff.    Mr. Berry in his 3d edition issued in 1921 (Berry on Automobiles, p. 289) says:

"A street which extends to but not beyond another street intersects the same, and is an intersecting highway, and comes within the meaning of a statute

regulating the operation of automobiles when approaching the place where streets cross or intersect."

Babbitt on Motor Vehicles (3d Ed.), § 529, says:

" 'Intersecting' streets includes street ending at corner.—The term 'intersecting highway' in the automobile act includes a street which enters but does not cross another.    Where one of two streets ends at the point where it touches the other this is a 'crossing or intersecting of highways' within the meaning of the statute.    The two streets did intersect each other within the meaning of the law."

And Huddy on Automobiles (5th Ed.), at page 23, says:

"A statute regulating the operating of motor vehicles at 'intersecting streets' has been construed to apply to the situation where one street enters into another, but does not cross it."

The text above quoted is sustained by the following cases: *Manly* v. *Abernathy,* 167 N. C. 220 (83 S. E. 343) ; *Hayes* v. *State,* 11 Ga. App. 371 (75 S. E. 523) ; *Holman* v. *Ivins,* 150 Minn. 285 (184 N. W. 1026, 21 A. L. R. 964).    It should be said that the courts of California and Massachusetts (*Muther* v. *Capps,* 38 Cal. App. 721 [177 Pac. 882] ; *Lawrence* v. *Goodwill,* 44 Cal. App. 440 [186 Pac. 781] ; *Commonwealth* v. *Cassidy,* 209 Mass. 24 [95 N. E. 214]), have entertained similar holdings but both States have statutory provisions defining the meaning of intersecting highways (Codes and General Laws California, Consolidated Supplement 1917-1919, title 360, § 1, p. 1483; Acts and Resolves Massachusetts, 1909, chap. 534, § 1).    In the recent Nova Scotia case of *Bain* v. *Fuller,* 51 N. S. 55 (29 D. L. R. 113), it was said:

"A question is made whether the clause of the statute of 1914 prescribing the proper course for an automobile, when turning from one street into another at the intersection of two streets, applies to such a

case as the present, where the street claimed by the plaintiff to be an intersecting street does not cross the other but stops when it comes to the other.    I think the statute must be read as applying to such a case, because the reason for the rule is no more applicable to a street which crosses another than to one which merely runs into the other."

The case of *Bogdan* v. *Pappas*, 95 Wash. 579 (164 Pac. 208), cited by defendant's counsel, is not in point as it was made to turn on the question of whether plaintiff belonged to the class for whose benefit the statute was passed, and it was held that he did not.

The provision under consideration had as its purpose the safeguarding of the public using the highways of the State and such purpose should not be thwarted by too narrow construction.    The cutting of corners by trucks and automobiles was the thing aimed at by the legislature.    This cutting of corners may be practiced as well at a three corners as a four corners.    Both have intersecting streets and the statute is applicable to both.

Counsel for the defendant, however, insists that even though this instruction was erroneous it was not harmful because defendant's truck had rounded the corner and straightened away and it was a case of the meeting of motor vehicles on a straight road.    The difficulty with this contention lies in the fact that the record does not support it.    While the testimony does not all agree as to just how far the truck had proceeded around the corner, none of it tends to show that the truck had rounded the corner and straightened away on the north and south road.    Indeed, all of the occupants of the truck called by defendant as witnesses negative any such claim.    Mr. Lemmen, one of such witnesses, testified:

"The truck had not straightened up to the north before the time of the collision."

And Mr. Maynard, another of such witnesses, said:

"We had not straightened into the north track when the collision came."

Mr. Edison, the driver of the truck, also testified:

"The motor was not working very well, and when we pulled off into the corner we only traveled six feet before we stopped the motor."

The instruction was erroneous; it went to the heart of plaintiff's case; it constituted reversible error.

Error is assigned on the other portions of the charge. While certain excerpts standing alone might be subject to criticism and some things were said not directly applicable to the facts of the instant case but were used by way of illustration, we are not persuaded that the charge as a whole, except the instructions just considered, did not fairly submit the case to the jury.

In view of some of the arguments advanced in defendant's brief, we think it should be said that the question of plaintiff's contributory negligence was for the jury.

For the error pointed out the case must be reversed and a new trial ordered. Plaintiff will recover costs of this court.

MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. WIEST, C. J., did not sit.