Albert P. Gosma, *Plaintiff in Error,* vs. Tom Adams, *Defendant in Error.*

135 So. 806.

En Banc.

Opinion filed June 30, 1931.

*Wm. G. King* and *Merle E. Rudy*, for Plaintiff in Error;
*Marcus J. Sternberg* and *Lewis C. Russell*, for Defendant in Error.

BUFORD, C.J.—In this case the defendant in error was plaintiff in the court below and sued the plaintiff in error, defendant in the court below, for personal injury received in an automobile collision occurring on a certain street in St. Petersburg, Florida, known as Seventh Avenue. Seventh Avenue runs East and West. Both plaintiff and defendant were traveling West in automobiles. The defendant was in front and the plaintiff in the rear. Twenty-first Street intersects Seventh Avenue on the South side and runs South. The collision occurred near the middle of Seventh Avenue immediately North of the place where Twenty-first Street comes to or intersects Seventh Avenue on the South side.

The plaintiff was in the act of passing the defendant coming from the rear when the defendant turned his car toward Twenty-first Street for the purpose of entering Twenty-first Street and the left front of defendant's car came in contact with the right forward quarter of plaintiff's car, the impact on plaintiff's car being received about the right front wheel. Plaintiff's car was turned óver and he was seriously injured. The defendant pleaded contributory negligence, and, amongst other things pleaded:

"That the plaintiff, having overtaken the defendant, negligently, carelessly, recklessly and unlawfully attempted to pass defendant's automobile at an intersection of streets contrary to the Laws of the State of Florida and in violation of an ordinance of (4) the City of St. Petersburg, the said intersection where said collision occurred not being an intersection where traffic is controlled."

The section of the ordinance of the City of St. Petersburg referred to was introduced in evidence and read as follows:

"Any vehicle in overtaking another shall pass to the left, but such passage shall not be made at street intersections, except where traffic is controlled; that is, where there is a traffic officer stationed or where there is an automatic signal."

The proof was that traffic was not controlled at the place of the accident either by a traffic officer or an automatic signal.

The verdict was for the plaintiff.

There were several assignments of error but it is only necessary for us to consider those which raise the question of contributory negligence which would bar the recovery by the plaintiff. It is contended by the defendant in error that because Twenty-first Street did not cross Seventh Avenue there was no intersection of streets as contemplated by this ordinance. We entertain the contrary view which is supported by the weight of authority, although there are some cases to the contrary. In Pangborn vs. Widdicomb Company, 223 Mich 181, 193 N. W. 817, 31 A. L. R. 485, the Supreme Court of Michigan held:

"A street which enters another at right angles, but does not cross it, is an intersecting one within the meaning of a statute requiring one operating a motor vehicle at the intersection of a public highway to pass to the right of the intersection when turning to the left, and it is immaterial that the improved traveled way rounds the corner."

In a note appended to the report of this case in 31 A. L. R., supra, numerous cases are cited in support of the doctrine enunciated in that case.

In Hayes vs. State, 11 Ga. Appeals 371, 75 S. E. 532, the Supreme Court of Georgia, construing the words "upon approaching a crossing of intersecting highways" as used in the statute of that State regulating the operation of automobiles, said:

"The further point is made that the charge contained in the first count in the indictment was not sustained, for the reason that the two streets named in the indict-

ment did not cross or intersect each other as alleged in the indictment, but that one of the streets ended at the point where it touched the other. It is contended that this is not a 'crossing or intersecting of highways', within the meaning of the Act of 1910, and does not support the allegation in the indictment that the homicide occurred at the point where Gordon and Holderness Streets cross and intersect. We cannot assent to this view. On the contrary, we think that the two streets did intersect each other within the meaning and purpose of the law. Manifestly the object of section 5 of the Act was to protect persons who might be upon a highway which approached another highway along which an automobile was being driven. There would be just as much reason for holding that one of the streets ended at the farther margin of the other street as there would be in saying that it ended when it touched the first margin of the street. The highway was in a condition to be used by pedestrians and others entirely across the other highway upon which the automobile was being driven. The latter highway extended across the margin of the former highway, and the case is plainly within the spirit and reason of the law.''

In Buckey vs. White, 137 Md. 124, 111 Atl. 777, the Court construing a statute referring to road intersections, said:

''The second ground of objection is that the prayer is misleading because it instructs the jury as to the law of the road relating to the respective rights of vehicles approaching each other 'at intersecting roads. The reason assigned for this objection was that there was no evidence in the case of any intersecting roads and that therefore the prayer was misleading. .

The theory upon which this objection rests is that a lateral road connecting with, but not crossing another road, does not 'intersect' the latter within the meaning of the statute, and that the driver of an automobile while driving it along a main or trunk road is not required to yield the right of way to a machine approaching from his right along such a lateral road. Such a construction of the statute is, in our opinion, too

narrow and is opposed to its true meaning and intent. The purpose and design of the statute is to protect the traveling public against collisions at points where roads running at an angle to each other join, and to accomplish this end it provides a simple rule of universal application which so clearly defines the respective and relative rights of the drivers of automobiles approaching each other over such connecting roads that it eliminates the confusion and uncertainty which formerly prevailed under such circumstances as to which car was entitled to the right of way. The mischief for which the act was enacted as a remedy was this: That in the case of automobiles approaching each other along connecting roads running at an angle to each other in such a manner that unless one of them gave way to the other a collision would result, in the absence of some rule on the subject, there would be no way of promptly determining which should give way to the other, and the confusion incident to such situations was the cause of many accidents. The danger of such accidents which the Legislature intended by this statute to remove was the same at all points where two roads joined, and whether the roads so connecting actually crossed each other or merely connected could not possibly lessen or increase that danger. Since such was the intention of the Legislature, the language of the statute should be so construed as to give effect to such intention, unless such a construction would be clearly unreasonable. Hooper vs. Creager, 84 Md. 195, 35 Atl. 967, 1103, 36 Atl. 359, 35 L. R. A. 202; 25 R. C. L. par. 254, Statutes p. 1015; Commercial Building Assn. v. Mackenzie, 85 Md. 132, 36 Atl. 754.''

Numerous other cases will be found cited in Century Digest, sections 1316 to 1318, 1320, 1327, to 1329; Decennial Digest, section 594.

The ordinance was pleaded in this case and, therefore, it is not needful for us to determine whether or not defendant must plead such ordinance to have the benefit of it. It may be said to be settled beyond question that when a person operates an automobile in violation of a statute or in violation of a valid municipal ordinance that

evidence of such act is admissible as prima facie proof of negligence, or that such act is negligence per se.

In Crosby vs. Donaldson, 95 Fla. 365, 116 Sou. 231, in an opinion written by Mr. Chief Justice Ellis this Court said:

"The defendant contends that the plaintiff was driving his motorcycle ten or fifteen miles faster than the 'speed limit' prescribed by the city ordinance. But the arbitrary determination by a city council of a rate of speed at which vehicles may travel on a street cannot of itself form the standard by which a moving vehicle may be said to be negligently or not negligently driven; time and circumstances are important factors."

The defendant in this case had the right to assume that the ordinance which was then and there the law of the road would be observed and, therefore, there was no duty incumbent upon him to expect that the plaintiff would attempt to pass in violation of the ordinance at the street intersection.

In Murphy vs. Hawthorne, 117 Oregon 319, 244 Pac. 79, it was held that a violation of the law of Oregon in parking a truck so as to extend five feet on the highway after dark without displaying a red light was negligence per se, and it was further held in that case:

"In action for injuries to automobile when striking truck parked after dark along highway, without displaying red light, required by Or. L. #4774, instruction applying principle that one driving on highway has right to assume all others using it would observe laws *held* not objectionable."

In Birmingham Electric Co. vs. Baker, 122 Sou. 316, the Supreme Court of Alabama held:

"There was no error in refusing defendant's requested charge made the basis of the first assignment of error, and which said charge is therein set out. It is an affirmative instruction that the plaintiff was guilty .of negligence on the 'occasion complained of' and this

was a question for the jury, even if the charge could not have been refused for other reasons.

The plaintiff's evidence shows that the car line was a part of the street; that said street was narrow and, in backing his car from his home or starting point, he went over or upon the track, but before doing so looked and discovered no near approaching car. It is true, that he did not after getting in the street and on the .car line, after this automobile stopped and he was attempting to go forward, look behind for an approaching car, but he was not, as matter of law, guilty of negligence in this respect, as one who travels a street owes no duty, as matter of law, to keep a lookout to his rear for approaching vehicles, as he has a right to assume that those to his rear will not run into him and will at least give him warning of their approach. Anderson v. Bradley, 208 Ala. 302, 94 Sou. 287.''

In Government Street Lumber Co. vs. Ollinger, 18 Ala. Appl. 518, 94 Sou. 177, it was held:

''When two automobiles are being driven along a public road in the same direction, the driver of the front car owes no duty to the rear car except to use the road in the usual way, and until he has been made aware of it, by signal or otherwise, he may assume either that there is no other automobile in his rear, or that, being there, it is under such control as not to interfere with his free use of the road in any lawful manner.''

The purpose of an ordinance like the one here under consideration is to prevent just such accidents as occurred in this instance. It is known that if the driver of an automobile traveling West on a street running East and West wishes to turn South and travel South on a street running from the one which he is then traveling, he must turn his car to the left and thereby cross the path of the car attempting to pass him from the rear and conforming to the law of the road by passing him on the left side. In this case if the plaintiff had not been in the act of passing the defendant at the place prohibited by ordinance his automobile would not have been struck by the

automobile driven by the defendant. We think that in violating this ordinance the plaintiff was guilty of negligence per se.

In Schell vs. DuBois, 94 Ohio St., 93, 113 N. E. 664, it was held:

> "The violation of a statute passed for the protection of the public is negligence per se, and where such act of negligence by a defendant is the direct and proximate cause of an injury not directly contributed to by the injured person, the defendant is liable."

To like effect is the case of Ward vs. Cathey by the Court of Civil Appeals of Texas, reported 110 S. W. 289, and Murphy vs. Hawthorne, supra.

Where it appears from all of the evidence as in this case that the injury occurred at a street intersection at a time when the plaintiff driving an automobile was attempting to pass the defendant driving another automobile at that place and that the ordinance of the city prohibited such passing by the plaintiff, the question of contributory negligence of the defendant became a matter of law to be charged by the court. The question of whether or not streets were intersecting at that place was also a question of law for the court. The question as to whether or not the plaintiff at that place was passing, or attempting to pass the defendant, was a question of fact for the jury to determine.

Charge No. 4 requested by the defendant was as follows:

> "I charge you, gentlemen of the jury, that if you find from the evidence that the plaintiff was attempting to pass the defendant from the rear at an intersection of public streets where traffic was not controlled by an officer, or otherwise, then your verdict should be for the defendant."

The court refused the charge and noted an exception for defendant. The refusal to give this charge was error.

For the reasons stated, the judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., dissents.