81 So.2d 742 (1955)
Carmen B. GUDATH, and her husband, E.A. Gudath, Appellant,
v.
CULP LUMBER COMPANY, a Florida corporation, Appellee.
Supreme Court of Florida. En Banc.
July 27, 1955.
Paul B. Johnson, Tampa, for appellant.
George T. Shannon, Tampa, for appellee.
ROBERTS, Justice.
This is a personal injuries case arising out of a collision between a car being driven by the plaintiff wife ("plaintiff" hereafter) and a truck owned by defendant and being *743 driven by its employee. The jury found in plaintiff's favor, awarding her $2,000. The trial judge, however, granted the defendant's motion for a directed verdict (made at the close of all the evidence and renewed after verdict) and set aside the verdict for plaintiff. Plaintiff has appealed.
The accident happened while both vehicles were travelling in a westerly direction on Platt Street in the City of Tampa, just sixteen feet prior to its intersection with the east curb line of Packwood Avenue, according to the testimony of the investigating police officer. He also concluded that the plaintiff's car had been entirely to the left of an imaginary line through the center of Platt Street, and defendant's truck a little to the left of such line, at the time of the impact, and that the truck was veering to the left when the accident occurred. The left front wheel of the truck struck the right front fender of plaintiff's car. Platt Street at that time was a two-way street, forty feet in width, without traffic lane markings.
The plaintiff's version of the accident was that the truck had overtaken her and passed on the right-hand side of the street shortly after she entered the block in which the accident occurred; that the truck "pulled up ahead but not in front of me  in other words, we were using the street as if it was a four-lane street, which it is not"; that she just kept on going straight ahead, in the center of the street; that she did not see the truck flash any lights indicating a left turn, nor did she see him angle to the left; that the first indication she had that he wanted to turn was when she "felt the impact." She said that she did not at any time attempt to pass the truck. The version of defendant's truck driver was that he did not overtake and pass the plaintiff's car at all; that the first time he noticed her was when "she was right upon me * * * about the back end of the truck"; or, as stated later, when "she was about six feet from my front bumper." He said that he looked in both his rear view and side mirrors but did not see her car; that he had signalled a left turn by flashing his indicator lights; and that her car hit him while he was turning. Another of defendant's employees, an eye witness to the accident, testified that the plaintiff tried to pass the defendant's truck "before he turned and just as he turned in, her front hit his front."
The decision of the trial judge to set aside the jury's verdict was apparently based on the fact that, in his opinion, the evidence showed conclusively that the plaintiff was attempting to pass the defendant's truck at an intersection, in violation of a City of Tampa ordinance, and that this constituted contributory negligence sufficient to bar her recovery from the defendant as a matter of law "within the meaning of the rule laid down in Gosma v. Adams [102 Fla. 305], 135 So. 806, 807 [78 A.L.R. 1193]." The trial judge was apparently referring to the following statement in the Gosma case: "Where it appears from all of the evidence as in this case that the injury occurred at a street intersection at a time when the plaintiff driving an automobile was attempting to pass the defendant driving another automobile at that place, and that the ordinance of the city prohibited such passing by the plaintiff, the question of contributory negligence of the defendant became a matter of law to be charged by the court." It should also be noted that after making this statement, the court went on to say in the Gosma case that "The question as to whether or not the plaintiff at that place was passing, or attempting to pass, the defendant, was a question of fact for the jury to determine."
Unless the evidence shows beyond dispute that the plaintiff was passing or attempting to pass the defendant's truck at an intersection at the time of the accident, the "rule" of the Gosma case has no application; and we do not share the trial judge's certainty that such was the case. The question of whether the plaintiff was attempting to pass the defendant's truck was squarely presented to the jury by the trial judge; they resolved the conflicts in the evidence and the various inferences to *744 be drawn therefrom in her favor, and, as always in such case, we are reluctant to substitute our judgment for that of the jury in this respect.
In addition, we have the view that the Gosma case is no longer entitled to the full force and effect given it by the trial judge. In Clark v. Sumner, Fla. 1954, 72 So.2d 375, 378, we were concerned with the violation of a provision of a general law prohibiting driving to the left side of the roadway when approaching within 100 feet of or traversing an intersection, Section 317.30, Fla. Stat. 1953, F.S.A. We declined to sustain defendant's contention that a violation of the statute by the plaintiff precluded her recovery, as a matter of law, under the authority of the Gosma case, and said:
"To uphold the contention of the defendant would be tantamount to releasing the driver of a car from any legal responsibility for the safety of those following him on the highways. Such is not the law. We reiterate and again approve the principle laid down in Allen v. Hooper, 126 Fla. 458, 171 So. 513, that the violation of a traffic law or regulation is prima facie evidence of negligence that may be overcome by other facts and circumstances in the cause in fixing ultimate liability."
And in City of Tallahassee v. Ashmore, 158 Fla. 73, 27 So.2d 660, 665, (decided in 1946) where the plaintiff was charged with contributory negligence by reason of the violation of a municipal ordinance relating to the granting of the right of way at an intersection, this court again declined to apply the Gosma case to defeat recovery by the plaintiff. In holding that the trial court did not err in refusing to charge the jury that, if they found a violation of the municipal ordinance by the plaintiff, the defendant would be entitled to a verdict, as a matter of law, this court said:
"In other words, the jury could well have found on this evidence that if the driver of the defendant's truck had exercised ordinary care he could have avoided the collision out of which this case arose. On this evidence the jury evidently reached the conclusion that the sole efficient proximate cause of the collision and the serious injuries to the plaintiff Mrs. Ashmore was the negligence of the defendant's truck driver."
Insofar as the question of whose negligent act is the "sole efficient proximate cause" of an accident is concerned, we can see no difference in principle between the violation by plaintiff of a municipal ordinance relating to passing at an intersection and one relating to granting the right of way there, nor between the violation of a general law prohibiting driving to the left side of the roadway "when approaching within one hundred feet of or traversing any intersection" and a municipal ordinance prohibiting passing at an intersection. The applicable rule of law, in our opinion, should be the same in all such cases. We hold, then, that the violation of a municipal ordinance relating to passing at intersections, as in the case of violations of other traffic laws or regulations, is only "prima facie evidence of negligence that may be overcome by other facts and circumstances in the cause in fixing ultimate liability", Clark v. Sumner, supra; and we hereby recede from anything in Gosma v. Adams, supra, 102 Fla. 305, 135 So. 806. 78 A.L.R. 1193, which may be construed to hold to the contrary.
It is well settled that "a verdict should not be directed in favor of the defendant unless `it is clear that there is no evidence whatever adduced that could in law support a verdict for plaintiff.' Section 54.17, Florida Statutes 1951, F.S.A." Chambers v. Loftin, Fla. 1953, 67 So.2d 220, 221. And we think that on all the evidence here, as in City of Tallahassee v. Ashmore, supra, "the jury could well have found * * * that if the driver of the defendant's truck had exercised ordinary care he could have avoided the collision out of which this case arose."
*745 For the reasons stated, the order appealed from is reversed and the cause remanded with directions to enter a judgment for plaintiff in accordance with the verdict of the jury.
Reversed.
DREW, C.J., and TERRELL, SEBRING and THORNAL, JJ., concur.
THOMAS, J., dissents.
HOBSON, J., not participating.