109 So.2d 189 (1959)
TAMIAMI GUN SHOP, a Florida corporation, Appellant,
v.
Raymond KLEIN, a Minor, by his father and next friend, Sidney B. Klein, and Sidney B. Klein, individually, Appellees.
No. 58-383.
District Court of Appeal of Florida. Third District.
February 24, 1959.
Rehearing Denied March 13, 1959.
*190 Dixon, DeJarnette, Bradford & Williams and Charles A. Kimbrell, Miami, and M.R. Adkins, North Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin and Phillip Goldman, Miami, for appellees.
WIGGINTON, JOHN T., Associate Judge.
Defendant has appealed from a final judgment awarding damages for personal injuries sustained by the minor plaintiff. The errors assigned relate to the trial court's order striking the defense of contributory negligence or assumption of risk interposed by defendant, and the summary judgment on the issue of liability rendered in plaintiff's favor prior to trial.
The complaint alleges, inter alia, that defendant retail dealer in firearms sold to plaintiff, who was an obvious minor, a repeating rifle in derogation of the laws of Florida and the ordinances of the City of Miami; that defendant should have anticipated that the negligent and illegal sale of the weapon to a person of tender years would result in harm to plaintiff or others; that as a direct and proximate result of the negligent and illegal sale the weapon was discharged causing the injuries and resulting in the damages claimed.
The ordinance of the City of Miami in effect at the time the cause of action accrued provides that it shall be unlawful for any person to sell a deadly weapon to any minor under seventeen years of age, or to sell such a weapon to any minor between the ages of seventeen and twenty-one years without the express written approval of one of his parents or legal guardian. Also in effect at the time in question was a penal statute of this state making it unlawful for any dealer in arms to sell to minors any repeating rifle or other weapon described therein.[1]
To the complaint defendant filed several defenses among which is one of contributory negligence. The court's order striking this defense is assigned as error.
In support of this assignment appellant relies upon authorities from this and other jurisdictions which hold that in those cases where contributory negligence is a complete defense a minor may be guilty of such contributory negligence as will bar recovery.[2] Also cited are quotations from recognized text which state the principle that contributory negligence is a proper defense in such actions.[3]
In opposition, appellee cites respectable authority from other jurisdictions which hold to the principle that if defendant's negligence consists in the violation of a statute enacted to protect a class of persons from their inability to exercise self-protective care, a member of such class is not barred by his contributory negligence from recovery for injury caused by the violation of such statute.[4]
We are of the view that this question has been settled by the Supreme Court of Florida in the Tampa Shipbuilding & Engineering Corporation case.[5] That suit was brought to recover damages for the death of a minor which occurred in the course of his employment by the shipbuilding company. The statute then in effect prohibited the employment of minors in business establishments such as the one *191 owned by defendant without first obtaining employment certificates as required by law. Defendant interposed a plea of contributory negligence to which the trial court sustained a demurrer. In affirming, our Supreme Court quoted with approval from its prior decision in J. Ray Arnold Lumber Corp. of Olustee v. Richardson[6] and held that the defendant was guilty of negligence per se by its act in employing, permitting or suffering the child to work in violation of the positive inhibition of the statute. The employment of the child ipso facto in derogation of the statute is in law considered the proximate cause of the death of the boy, and not the contributory negligence as stated in the plea and stricken by the lower court.
Both the state statute and the ordinance of the City of Miami make it a criminal offense for a dealer in firearms to sell weapons to minors. The complaint alleged sufficient facts to show the violation of the statute and the ordinance which, like the statute involved in the shipbuilding case, were enacted for the purpose of protecting minors against their presumed inexperience, immature judgment and carelessness. Both the Legislature and the City Commission of Miami had the right to enact the statute and ordinance under consideration, and when enacted it was binding upon children, parents and dealers in firearms alike. It cannot be assumed that either, by his desire or intention, could amend, alter or modify them, but the law as it exists should control as intended. The violation gave rise to a cause of action. The responsibility rests on all to see that the spirit and letter of the law is observed and kept. We, therefore, hold that the defense of contributory negligence was not available to defendant under the circumstances present in this case, and was properly stricken.
From the pleadings, interrogatories, depositions and other evidence on file before the court it affirmatively appears without dispute that the minor plaintiff was less than seventeen years of age at the time he purchased from defendant the weapon described in the complaint; that defendant knew at the time of the sale that plaintiff was a minor, although he appeared large for his age and to be experienced in the handling of firearms; that defendant did not have the express written approval of the minor's parents to sell to plaintiff the weapon which constituted the subject of the sale. The evidence further reveals that the minor plaintiff had owned and used firearms in the past; that on the day of his injury plaintiff, in the company of several other boys, was returning home from target practice in the Everglades; that when the automobile in which they were riding struck a depression in the road, plaintiff's rifle accidentally discharged shattering his thumb and injuring his hand. In the absence of any dispute in the material facts bearing upon the issue of liability or in the inference which may be reasonably drawn therefrom, plaintiff's right to recover became a question of law to be determined by the court on the motion for summary judgment.
In its attack on the propriety of the summary judgment relating to the issue of liability, appellant relies on many decisions of the Florida Supreme Court which hold as a general proposition that the violation of a traffic statute does not constitute negligence per se,[7] nor is the violation itself necessarily the sole proximate cause of the damages claimed by the party asserting negligence.[8] Appellant contends that even conceding it violated the statute and ordinance which prohibited the sale of firearms and deadly weapons to minors, such violation created a mere presumption *192 of negligence which it had overcome by the evidence contained in the record. It further contends that under the applicable law, the question of whether the violation was the proximate cause of the damages suffered by plaintiff was a question for the jury, and not for the court. While the authorities cited by the appellant in support of its position on this assignment of error follow sound principles of law as related to the statutes there considered, they can be of little comfort to appellant under the facts revealed in this case.
We interpret the statute and city ordinance involved here as intending to protect the class of persons in which the plaintiff is included against the risk of the type of harm which did in fact occur. An unexcused violation is negligence in itself. The standard of conduct has been fixed by the lawmaking bodies and must be followed by the parties and the court alike. The effect of the law is to stamp the defendant's conduct as negligence with all the effects of common law negligence.[9]
In the Tampa Shipbuilding & Engineering Corporation case, supra, our Supreme Court held in construing a statute having the same legal effect as the one now under consideration that the act committed in derogation of the statute was negligence per se, and is considered in law to be the proximate cause of the damages suffered. To a like effect is the ruling of our Supreme Court in the subsequent case of United Independent Laundries, Inc. v. Holden.[10] This view is supported by many decisions from other jurisdictions in this country,[11] and appears to be the sounder rule which should control our decision in this case.
For the foregoing reasons we hold that the summary judgment entered in favor of plaintiff on the issue of liability was proper, and the final judgment appealed from is accordingly affirmed.
HORTON, Acting Chief Judge, and PEARSON, J., concur.
NOTES
[1] F.S. § 790.18, F.S.A.
[2] Turner v. Seegar, 151 Fla. 643, 10 So.2d 320; Teddleton v. Florida Power & Light Co., 145 Fla. 671, 200 So. 546.
[3] 94 C.J.S. Weapons § 31 p. 532; 56 Am. Jur., Weapons and Firearms, § 32.
[4] McMillen v. Steele, 275 Pa. 584, 119 A. 721; Pizzo v. Wiemann, 149 Wis. 235, 134 N.W. 899, 38 L.R.A.,N.S., 678; American Law Institute Restatement of Torts, § 483.
[5] Tampa Shipbuilding & Engineering Corp. v. Adams, 132 Fla. 419, 181 So. 403, 893.
[6] 105 Fla. 204, 141 So. 133.
[7] Bryant v. City of Tampa, Fla.App. 1958, 100 So.2d 665; Gudath v. Culp Lumber Co., Fla. 1955, 81 So.2d 742, 53 A.L.R. 2d 846.
[8] Allen v. Hooper, 126 Fla. 458, 171 So. 513; Gosma v. Adams, 102 Fla. 305, 135 So. 806, 78 A.L.R. 1193.
[9] Prosser: Law of Torts (2nd Ed.) p. 161.
[10] 141 Fla. 410, 193 So. 544.
[11] Pizzo v. Weimann, supra; Anderson v. Settergren, 1907, 100 Minn. 294, 111 N.W. 279; Carron v. Guido, 54 Idaho 494, 33 P.2d 345.