Joaquin MATUK, Jessie Matuk and Mary Jo Fox, Plaintiffs-Appellees,

v.

Russell HARPER, Defendant-Appellant.

Russell HARPER, Counter-Plaintiff-Appellant,

v.

Jessie MATUK, Counter-Defendant-Appellee.

No. 12519.

United States Court of Appeals Seventh Circuit.

June 17, 1959.

Philip E. Ryan, Chicago, Ill., for appellant.

Prentice H. Marshall, Chicago, Ill., for appellees.

Before DUFFY, Chief Judge, and HASTINGS and PARKINSON, Circuit Judges.

DUFFY, Chief Judge.

This suit is to recover damages for personal injuries and property damage arising out of a head-on collision between two automobiles, one driven by the plain-

tiff Jessie Matuk, and the other by the defendant Russell Harper. Jurisdiction is based upon diversity of citizenship. The jury returned verdicts in favor of the plaintiffs and judgments were entered accordingly.

At about 11:30 p. m. on January 21, 1957, plaintiff, Jessie Matuk, was driving a Lincoln automobile owned by his brother, Joaquin Matuk, in a northerly direction on Torrence Avenue, in Cook County, Illinois. He was accompanied by his fiancee, plaintiff Mary Jo Fox, who was sitting in the front seat beside him. At the point in question, Torrence Avenue is a blacktop two-lane highway about twenty feet wide with comparatively narrow shoulders on either side. In the immediate area there was open country with no artificial lighting along the highway. The surface of the road was wet from an earlier rainfall, but at the time of the collision the visibility was good.

Jessie Matuk noticed the headlights of an on-coming automobile when it was 400–500 feet distant. This automobile swerved from the southbound lane to the northbound lane. Matuk then drove his car onto the right shoulder of the highway. Miss Fox called out a warning: "Jessie, watch him." Matuk then turned his automobile to the left and onto the pavement. The approaching automobile likewise swerved toward the pavement. In a last minute effort to avoid the collision, Matuk turned to his right, and the impact of the automobiles then occurred. Both Jessie Matuk and Mary Jo Fox received serious injuries.

Two passersby who happened upon the scene were witnesses at the trial. Each witness testified that he smelled liquor on defendant Harper's breath, and one stated that, in his opinion, Harper was under the influence of alcohol.

Officer Munizzi was the only non-medical witness called by defendant. He testified he investigated the collision. His testimony was based upon his recollection as refreshed by reports made at the time of the investigation. At the outset of Officer Munizzi's direct examination, defendant's counsel showed him an exhibit which was a police report prepared by Munizzi, and directed him to look it over for the purpose of refreshing his recollection. The officer testified: "I would have to see the report to remember."

Defendant does not raise any question as to the sufficiency of the evidence to support the finding of liability, and he does not challenge the amount of the damages awarded to plaintiffs. His principal claim of error is that the invitation of the Court to place the police report in evidence, and the offer of plaintiffs' counsel in the presence of the jury to stipulate that the report be received in evidence, was prejudicial to the defendant. Defendant also claims error in the instructions to the jury.

On direct examination, using the report to refresh his recollection, Munizzi testified the debris was in the southbound lane and that defendant's automobile was also in that lane. On cross examination, he admitted there was debris on the east side of the highway which would include the northbound lane. He expressed the opinion the impact occurred in the center of the highway. Munizzi first stated he did not take statements from defendant and the plaintiffs, but later testified that he did. The officer admitted the diagram which he had drawn in the report showing the positions of the automobiles indicated the plaintiffs' automobile was found in the northbound lane. He also admitted the report did not indicate the presence of the debris.

■ Thus officer Munizzi, after referring to the police report, had given conflicting testimony in several respects. After his direct examination, cross examination and redirect examination, there was little if anything in the report which was not already in the record. It was in this posture that the Court suggested the report be received in evidence. Defendant's counsel objected. The Court replied that the report would be received, if offered. Plaintiffs' counsel then agreed to stipulate that the report be received in evidence. Defendant's counsel objected. Under such circum-

stances, we hold no prejudicial error occurred.

 Defendant tendered an instruction regarding Mary Jo Fox's alleged failure to exercise due care and caution for her own safety. The Court did not give that specific instruction. The record is clear that plaintiff Matuk saw defendant's car approaching and swerving from side to side, and that he took immediate action in an attempt to avoid the collision. Miss Fox also saw the approaching automobile and warned Matuk of the impending danger. The Court adequately charged the jury that each plaintiff was obliged to prove his or her freedom from contributory negligence. The Court drew the jury's attention to the fact that the defendant had denied that plaintiffs were free from contributory negligence. To have given the tendered instruction would merely have been cumulative to instructions which were given. We find no error in the alleged failure of the Court to give proper instructions.

Affirmed.

Waterman, Circuit Judge, dissented.