PEARSON, Judge.
Joseph Gertler, plaintiff in a personal injury action, appeals from a summary final judgment based upon a complaint, answer and his deposition. The complaint *779 alleged that on or about January 14, 1958, at or near N.E. 12th Avenue and 163rd Street in Miami, Dade County, Florida, the defendant, Peterson, so negligently, carelessly and recklessly drove, operated or maintained a vehicle owned by him so as to cause the automobile accident out of which this action arose. The answer in general terms admitted the ownership and operation of the vehicle and denied negligence; it further alleged the affirmative defense that the plaintiff had been guilty of negligence which proximately contributed to his own injuries. We must look, therefore, to the deposition of the plaintiff for all of the facts upon which the summary judgment was based. This deposition reveals that the accident occurred near the intersection of N.E. 12th Avenue and 163rd Street. One Hundred Sixty Third Street is comprised of two westbound and two eastbound lanes with traffic islands separating them; both Gertler and Peterson were headed west. Peterson was traveling in the center lane 15' to 20' ahead of Gertler who was in the outside lane. Gertler testified upon deposition that as he approached the intersection a car approaching in the opposite direction, headed east, turned left and cut in front of Peterson in his lane. Peterson, although having plenty of time to stop in his lane, swerved and came into the lane upon which Gertler was proceeding, without giving Gertler a sufficient distance within which to stop. The collision took place 6(7 or 70' from the intersection. Upon the foregoing facts the lower court ruled that the plaintiff, Gertler, was guilty of contributory negligence as a matter of law, by failing to avoid striking a car in front of him and failing to keep his car under control.
The controlling question is whether or not Gertler’s action when confronted with the emergency caused by Peterson changing lanes constituted contributory negligence as a matter of law. It has been pointed out that where one so operates his own car that he is not able to stop before running into another vehicle in his lane of traffic, the operator of the following car will be presumed to be guilty o£ negligence. Bellere v. Madsen, Fla.1959, 114 So.2d 619; Kimenker v. Greater Miami Car Rental, Inc., Fla.App.1959, 115 So.2d 191; McNulty v. Cusack, Fla.App.1958, 104 So.2d 785. This rule is a necessary corollary to the duty of a following driver to have his vehicle under such control that he can avoid a collision from any ordinary avoidable situation. However, it is not an absolute rule of liability. It is subject to proof that it does not apply in a particular situation. A sudden emergency which is not ordinarily foreseeable may be such a situation and the existence or nonexistence of the emergency situation is a question of fact for the jury. Therefore the summary judgment may not be supported by the proposition that the plaintiff, Gertler, was guilty of contributory negligence as a matter of law.
There is of course the possible defense that the defendant, Peterson, was not guilty of negligence because his reaction to an emergency situation necessitated his sudden changing of lanes. The deposition of the plaintiff, which is uncon-tradicted, reveals that the plaintiff did not see an emergency situation which would require the defendant to suddenly change lanes. A sudden changing of lanes is negligence when it puts another in a position of peril. Cf. Clark v. Summer, Fla.1954, 72 So.2d 375. This proposition is subject to the qualification that the action of the person changing lanes may be in response to a sudden emergency caused by the negligence of a third person.
The deposition of the plaintiff does not demonstrate as a matter of law the absence of negligence on the part of the defendant or the existence of negligence or contributory negligence on the part of plaintiff. The summary judgment must therefore be reversed.
Reversed.
HORTON, C. J., and CARROLL, CHAS., J., concur.