LILES, Judge.
Appellants, plaintiffs below, appeal from a final judgment rendered pursuant to a jury verdict in favor of appellee, defendant below.
Mrs. Nancy Holmes, one of the plaintiffs, was injured in a collision with an automobile driven by defendant’s decedent, one Benjamin Arney. Suit was filed, and the case was tried before a jury which returned a verdict for defendant. Testimony at the trial indicated that the collision between the automobile driven by Mrs. Holmes and the automobile driven by Arney occurred either when Arney crossed Mrs. Holmes’ path from an intersecting road or when Arney’s vehicle crossed into her lane in the process of making a U-turn. Among the instructions given the jury by the trial judge was the following:
“I charge you that although a motorist has the right to follow another motorist at a reasonable and safe distance, he must, however, govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, and a motorist while following in the rear of another motorist must maintain a proper lookout for the car immediately preceding him so that he can stop in sufficient time to avoid an accident. He is also under a duty to be aware of the traffic ahead of him in general and to anticipate that a vehicle ahead of him may be required to suddenly change lanes.”
On this appeal, appellants claim the above statement was misleading, an incorrect statement of the law, and was not supported by the evidence.
As a general rule the driver of an automobile owes the driver of the automobile to his rear the duty to use the road in the usual way. Gosma v. Adams, 102 Fla. 305, 135 So. 806, 78 A.L.R. 1193 (1931). Yet a leading motorist, before stopping or suddenly decreasing speed, must give an appropriate signal as provided by by § 317.371, Fla.Stats. F.S.A. Haislet v. Crowley, 170 So.2d 88 (D.C.A.Fla.1964). A sudden changing of lanes is negligence when it puts another in a position of peril unless it is in response to a sudden emergency caused by the negligence of a third person. Gertler v. Peterson, 116 So.2d 778 (D.C.A.Fla.1960).
The instruction quoted above was-erroneously given for two reasons. First, while the driver of a following vehicle has-a general duty to be aware of the traffic-ahead, we are unable to find any authority-for the proposition that he must “ * * *• anticipate that a vehicle ahead of him may be required to suddenly change lanes.”' Such a charge gives the impression that the driver of a vehicle who collides with a leading vehicle that has suddenly changed lanes for any reason is negligent. As we have pointed out above, a sudden changing of lanes is negligence when it puts another in peril unless the action of the person changing lanes is in response to a sudden emergency caused by the negligence of a third person. Gertler v. Peterson, supra. The jury charge as given was without any qualification whatsoever.
Secondly, while there is much conflict as to exactly how the accident occurred, no evidence was presented showing that it happened because Arney’s vehicle was “required to suddenly change lanes.” Thus, even if the jury instruction were a correct statement of the law, it was not based on any evidence presented in the case. It is axiomatic that jury instructions must be supported by evidence properly introduced in the cause.
The challenged instruction was prejudicial to plaintiffs’ case because it gave the impression that Mrs. Holmes was negligent if she had not anticipated that Arney would suddenly change lanes for whatever reason and because it gave the impression that there was evidence from which the jury could conclude that Arney was sud *285 denly required to change lanes when in fact no such evidence was presented.
The judgment appealed is reversed and the case remanded for a new trial.
ALLEN, C. J., and PIERCE, L, concur.