Sterling McCONNELL, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 28272.

United States Court of Appeals, Fifth Circuit.

June 16, 1970.

Kenneth L. Ryskamp, Fuller & Brumer, Miami, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., Morton Orbach, Lloyd G. Bates, Jr., Asst. U. S. Attys., Miami, Fla., for defendant-appellee.

Before GODBOLD, DYER and MORGAN, Circuit Judges.

PER CURIAM.

This is a claim under the Federal Tort Claims Act in which the District Court, Southern District of Florida, found that the Government's agent, Jones (hereinafter defendant) negligently operated his automobile, proximately causing plaintiff's injury, but that plaintiff's negligence contributed to his injury, thus barring recovery under Florida's contributory negligence law.

On this appeal the plaintiff alleges that the district court committed two reversible errors: (1) the admission into evidence of testimony of the police officer who investigated the accident, and (2) the Conclusion of Law that the signal given by the plaintiff's brake lights was not an appropriate signal in point of time and, therefore, constituted negligence on the part of plaintiff. We affirm.

While §§ 317.171 and 324.051, Florida Statutes Annotated, as construed by the Florida Supreme Court, do make privileged the accident reports made by the investigating police officer, the admission of testimony therefrom here was not reversible error. Not reaching the question of whether or not the privilege was waived, it is sufficient that we find that the testimony given, even if inadmissible, was only cumulative of essential facts established by prior testimony and, therefore, harmless error. 28 U.S.C. § 2111. See, e.g., Matuk v. Harper, 7 Cir., 1959, 267 F.2d 530.

Considering all the testimony in the record, we cannot say that the police officer's testimony makes out a stronger case for defendant. It states no additional facts which are either detrimental to the plaintiff or advantageous to defendant. Nor does his testimony weaken plaintiff's credibility. Though the district court refused to give credibility to plaintiff's version of the accident, such refusal was based as much on plaintiff's own contradictory and inconsistent testimony as on the police officer's testimony.

As for plaintiff's second allegation of error, we cannot disagree with the district court's conclusion that plaintiff acted negligently. Plaintiff was preceding defendant on an entrance ramp onto an expressway. The record shows that there was no on-coming traffic on the expressway, but that plaintiff suddenly stopped or slowed down just after leaving the ramp and entering the expressway because two other automobiles had pulled off the expressway onto the side. There is no dispute that both of these automobiles were safely off the expressway, and would not have impeded plaintiff's passage.

The district court concluded that plaintiff did not give "an 'appropriate signal' in the sense of being sufficient notice in point of time." Florida Statutes § 317.371(3) provides that a leading driver shall not stop or suddenly decrease his speed without first giving an "appropriate signal" to the driver immediately to his rear. Under this statute, "whether or not a signal was 'appropriate' is a question of fact for the jury." Haislet v. Crowley, 170 So.2d 88, 91 (Fla.App., 1964). Thus, the district court, as finder of fact, cannot be reversed on its conclusion that plaintiff's signal was not appropriate unless such conclusion was clearly erroneous. Rule 52(a), F.R.Civ. P.

In that the plaintiff knew that defendant was behind him, knew that defendant would be looking for oncoming traffic, and knew that, there being none, defendant would expect the entrance ramp to be clear, plaintiff was under a "duty to use the road in the usual way." See Holmes v. Surfus, 194 So.2d 283, 284 (Fla.App., 1967) following Gosma v. Adams, 102 Fla. 305, 135 So. 806 (1931). Under the circumstances in this case, where plaintiff's stopping or slowing down was both unexpected and unnecessary, we cannot say that the district court's conclusion that plaintiff's brake lights were not an " 'appropriate signal' in the sense of being sufficient notice in point of time," was clearly erroneous.

Affirmed.